[No. 9,266. Department One.—June 17, 1884.]

L. ARATA et al., Respondents, v. THE TELLURIUM GOLD AND SILVER MINING COMPANY et al., Appellants.

MECHANIC'S LIEN—CLAIM.— An averment in a claim for a mechanic's lien, that a person against whom the lien is claimed "is the owner and the reputed owner of said premises," is a sufficient compliance with the provisions of section 1187 of the Code of Civil Procedure.

ID.—VERIFICATION—It is not necessary that the verification of a claim for a mechanic's lien shall state that the same is true of the affiant's "own knowledge." It is sufficient if it state that it "is true."

PRACTICE—NOTICE OF MOTION—RULE OF COURT.—A rule of court provided that notice be given of all motions not *ex parte*. *Held*, that it was error to strike out an answer as sham and irrelevant without notice to the defendant.

APPEAL from a judgment of the Superior Court of the county of Amador.

The suit was to foreclose certain mechanic's liens upon a quartz mining claim.

The facts sufficiently appear in the opinion of the court.

*Eagon & Armstrong*, for Appellants.

*Charles R. Gray*, for Respondents:

The COURT. — 1. Appellants make the point that the court erred in overruling the demurrer of defendants to the separate complaint of E. A. Ketchum.

Our attention has not been called specially to any defects in the complaint. We can discover no insufficiencies in it such as rendered it subject to general demurrer.

2. It is said the court below erred in admitting the "claims of lien" of plaintiffs. The statute (§ 1187, Code Civ. Proc.), requires a claim to contain a "statement of his demand . . . . with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials," etc. The "claims" objected to state "that the Tellurium Gold and Silver Mining Company, a corporation duly organized and existing under the laws of the State of California, is the name of the owner and reputed owner of said premises." Also, "that Isaac Lipman is the name of the agent and superintendent of said mining company, who, on or about the 10th day of November, 1882, as such agent and superintendent, entered into a contract with said E. A. Ketchum," etc.

The *claims* complied with the requirements of the law. The same person may be both the owner and reputed owner, and a statement that a name is the name of the owner is none the less positive because it is also declared to be the name of the reputed owner.

3. The appellants contend that the verification to the "claims" is insufficient. Section 1187 of the Code of Civil Procedure provides that a claim must be verified by oath of the claimant or some other person. It does not require that the verification

shall be in form like that attached to a pleading; indeed such form would probably not comply with the requirement of the section. The affidavit attached to each claim is that the same "is true." The omission to state, "of his own knowledge," is not a defect.

4. At the calling of the term calendar, on the 8th day of June, 1883, this cause was set down for trial on the 13th day of July, 1883. But on the day first mentioned, counsel for plaintiff Ketchum moved the court, without written notice to defendants, "that the default of the defendants be entered for want of an answer, and that plaintiff take judgment as prayed in the complaint in the action of Ketchum against the defendants." Counsel for defendants appeared and objected specially to the hearing of the motion, upon the ground that no written notice of such motion, or grounds for the same, had been given or served.

A rule of the court required notice of every motion not *ex parte.* The court overruled the objection and *granted the motion.*

The Codes do not specify the motions which may be heard only on notice, but leave the courts to determine whether each motion requires or does not require notice. It would seem eminently proper that a defendant should have an opportunity to prepare to meet a motion to strike out an answer as *sham* (false in fact) or irrelevant. (Code Civ. Proc. § 453.) We think the court erred in overruling the objection to the want of notice. And the action of the court may have prejudiced defendants' rights. If at the trial plaintiff had asked for judgment on the pleadings, defendants might have prayed for leave to amend. The order of the court seems to have been based upon the fact that in their answer defendants denied, "upon information and belief," certain averments with respect to which they must be supposed to have actual knowledge. No evidence was taken to prove that the denials were *false* (sham), and they certainly were not irrelevant. Yet it is only "sham and irrelevant answers" which may be stricken out on motion.

Judgment reversed and cause remanded for a new trial.

Hearing in Bank denied.