## KELLY et al. v. LEMBERGER et al.[*]

### S. F. No. 160; September 15, 1896.

#### 46 Pac. 8.

**Mechanic's Lien—Reputed Owner of Premises.**—A Claim of lien. sufficient in form is properly admitted, as against objection that it does not correctly state the names of either the owners or reputed owners of the premises, there being at the time no evidence before the court to contradict its terms.

**Mechanic's Lien—Reputed Owner.**—Though One States, in his claim of lien, that a certain person is owner and reputed owner of the premises, his lien is not impaired by proof that such person was the reputed owner only.

**Mechanic's Lien—Reputed Owner.**—A Finding That One was the reputed owner of premises, as alleged in a claim of mechanic's lien, is not impaired by the fact that conveyances to other persons were on record.

APPEAL from Superior Court, Alameda County; F. W. Henshaw, Judge.

---

[*]Rehearing denied.

28

Action by Kelly and others against Lemberger and others. From a judgment for plaintiffs and an order denying a new trial defendants appeal. Affirmed.

Morrison, Stratton & Foerster for appellants; C. L. Colvin, T. F. Graber and Charles F. Hanlon for respondents.

PER CURIAM.—Four actions having been brought against the defendants to foreclose mechanics' liens upon certain land in Berkeley, they were consolidated and tried together under the above title. One of these actions was brought by H. W. Taylor, and judgment was rendered in his favor, giving him a personal judgment against Lemberger, and making the same a lien upon the land. Certain of the defendants moved for a new trial as against the claim of Taylor, and the present appeal is taken from the judgment and from the order denying their motion for a new trial.

The question presented by the appellants is the sufficiency of the claim of lien filed by Taylor, and the error relied upon by them in their motion for a new trial was the admission in evidence of this claim of lien and the insufficiency of the evidence to sustain certain findings. For the purpose of stating "the name of the owner or reputed owner, if known," of the land upon which the improvements were made, the claim of lien offered in evidence was as follows: "That Charles A. Bailey and Frank Lemberger are the names of the owners, and they are the reputed owners, of said premises, and caused said buildings and structures to be erected and constructed." The defendants objected to its introduction, upon the ground that it did not correctly state the names of either the owner or owners, or reputed owner or owners, of the premises, and excepted to the ruling of the court in admitting it in evidence. The claim of lien was, however, sufficient in form to comply with the requirements of the statute, and at the time it was offered it does not appear that there was any evidence before the court to contradict its terms. It was not error, therefore, to admit it in evidence.

From the findings of the court it appears that at the time the claim of lien was filed the appellant Bailey was the actual owner of the northerly twelve feet of the land, and that the wife of Lemberger owned the twenty-four feet adjoining, and the defendant claims the southerly thirty-six feet. In the bill of exceptions the defendants specify, as one of the par-

ticulars wherein the evidence is insufficient to justify the decision, ''that part of finding 1 which finds that at the time of the filing of the lien the defendant Frank Lemberger was the owner of all the land in said finding described.'' This exception, however, misconceives the language of the finding. The court did not find that he was the ''owner,'' but that he was the ''reputed owner,'' and the appellants have not excepted to the sufficiency of the evidence to sustain this finding. The statute does not require the claimant to state the name of the actual owner, at the risk of losing his lien, but makes his statement of the name of the reputed owner as effective as that of the true owner: Corbett v. Chambers, 109 Cal. 178, 41 Pac. 873. The statement of the same name as owner and as reputed owner does not deprive the claimant of his lien: Arata v. Mining Co., 65 Cal. 340, 4 Pac. 195. And, as he is only required to state the name of the owner or reputed owner, ''if known,'' he may, if he does not know the name, perfect his lien without naming any owner: West Coast Lumber Co. v. Newkirk, 80 Cal. 275, 22 Pac. 231. In the absence of any exception to this finding, we must assume that there was ample evidence to show that Lemberger was the reputed owner of the premises, and, if so, the statement of ownership in the claim of lien was sufficient. Its sufficiency was not impaired by the further statement that Bailey was also the reputed owner. The court does not find that Bailey was not a reputed owner at the date of Taylor's contract with Lemberger, or thereafter, but is silent in reference thereto, and its finding that he was the reputed owner prior thereto is immaterial. It appears from the findings that Bailey was the actual owner of a portion of the land, and no exception is made to the findings of the court that the buildings were constructed with the knowledge and consent of the actual owners of the entire land. The fact that conveyances to these owners had been placed on record does not impair the finding that Lemberger was the reputed owner, and the dates of such record were an immaterial fact, and not an issue in the case, and it was not necessary for the court to make any finding thereof. The judgment and order are affirmed.