[S. F. No. 2500.   Department Two.—March 13, 1903.]

R. C. JONES et al., Respondents, v. ANNIE M. KRUSE, Appellant.

MECHANICS' LIENS—COMPLETION OF BUILDING—ACCEPTANCE—FINDING. —A finding that the owner of the building, by agreement with the contractor and architect, "accepted the said building as finished and went into the possession and occupancy of the same," cannot be construed as finding that it was in fact finished or completed as required by the act in order to permit the filing of liens, and as the starting-point of the time within which liens may be filed, under section 1187 of the Code of Civil Procedure, as amended March 15, 1887.

ID.—CLAIM OF LIEN—VERIFICATION BY ATTORNEY.—A claim of lien may be verified by an attorney of the claimant, where he states that as such attorney he has knowledge of the facts, and that he makes the affidavit on account of the absence of the claimant from the state.

ID.—VALUE OF LUMBER—CARTAGE INCLUDED.—The cost of transportation is a necessary item of lumber; and a claim for the value of lumber, ''including cartage thereon,'' is valid.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion.

Joseph H. Hutchinson, for Appellant.

William H. Jordan, and Thomas V. O'Brien, for Respondents.

SMITH, C.—The suit was brought to enforce an alleged lien for materials used in the construction of the appellant's house in the city of San Francisco. Various other claimants of liens were made defendants, and filed their cross-complaints to enforce their several claims. Judgment was entered against Mrs. Kruse in favor of the plaintiff and cross-complainants, and her motion for new trial was afterwards denied. She now appeals from the order denying the motion. Objection is made to each of the liens on various grounds, and to all of them, except one, that they were prematurely filed with the recorder,—that is to say, before the completion of the building. The validity of the liens, it will be observed, is to be determined by the provisions of the Code of Civil Procedure, prior to the amendment of section 1187 of March 27, 1897. We will first consider the last objection, with regard to which the case, as presented by the findings and evidence, is as follows:—

The house in question was built by one T. L. Williams, under a written contract between him and Mrs. Kruse, of date September 16, 1896, the contract price being $1,650, payable in four installments, the first three for $400 each, the last for $450. But it was stipulated that the contract and specifications had not been subscribed or recorded as required by section 1183 of the Code of Civil Procedure, and were therefore void; and the finding of the court is to the same effect. Prior to December, 1896, the work had been so far performed that Williams had been paid the first two install-

ments, aggregating $800. On the seventh day of that month, in consideration of the third payment then claimed by him to be due, he made in writing his release of the contract,— reciting therein his "inability to complete the house." Thereupon, on the next day, the architect superintending the work certified in writing that there was due to him the sum of $400, exclusive of deductions noted, aggregating $237.50,— thus leaving a balance of $162.50; for which—after deducting a bill of $130 due for millwork to one Meyer—Williams, by his attorneys, executed a receipt.

In connection with this transaction, the architect testified in effect that it was with the consent of Mrs. Kruse, and that he "considered [he] passed her house on the 8th of December; " which he further explains by saying: " I passed it; I took it away from the contractor. The contractor discontinued the work the day of this paper, December 7th. When I give that certificate that meant for Mr. Willaims to stop entirely. . . . I presumed, then, that Mr. Williams had no more to do with the building; what else could I do? I think I told you that Mr. Williams had quit work a day or two before I issued the certificate of December 8th." On this evidence, and some other evidence confirmatory of Mrs. Kruse's acquiescence in the act, the court found:—

"That the said T. L. Williams performed all the terms of his said contract and agreement with the said Anna M. Kruse, and erected and completed said building according to the terms of his contract, except in certain particulars, due performance of which were waived by the said Anna M. Kruse, and the said Anna M. Kruse on, to wit, the 8th day of December, 1896, by agreement with the said T. L. Williams and the architect of said building, accepted the said building as finished and went into the *possession and occupancy* of the same."

This finding is not very definite. The simple issue before the court was whether the building was completed on December 8, 1896; and on this issue there is no finding. What is found is, that Mrs. Kruse, by agreement with the contractor and the architect, "*accepted the said building as finished,* and went into the *possession and occupancy* of the same." But the finding that she "accepted the . . . building as finished" cannot be construed as finding that it was in fact finished, or

completed, as required by the act in order to permit the filing of liens, and as the starting-point of the time within which liens may be filed. (*Willamette Co.* v. *Kremer,* 94 Cal. 207, 208.) From the evidence of the architect (which, with confirmatory evidence, is the sole evidence relied upon by respondents on this point), it appears that the house was in fact turned over to Mrs. Kruse in an unfinished condition, and this is in effect stated in the finding itself, from which it appears that the building was not completed "in certain particulars," which were waived by Mrs. Kruse. All that is found, therefore, is in effect "the acceptance . . . of [the] building " by the architect or by Mrs. Kruse, and " the occupation or use of the building by her;" though on the latter point it may be said in passing that our attention has not been called to any evidence tending to show that Mrs. Kruse ever occupied the building for habitation, either by herself or her tenant, or in any other way than as may be implied from her taking over the building from the contractor.

The judgment, therefore, can be supported only on the theory that the *acceptance* and *occupation* of the building was equivalent to, "or conclusive evidence of completion"; and from the evidence before the court and its rulings in excluding evidence offered by Mrs. Kruse to prove that the house was not completed until a later period, there can be no doubt that this was the position of the court.

Accordingly, in this regard, the position of the respondent's attorneys is, that by section 1183 of the Code of Civil Procedure, the architect is to "be held to be the agent of the owner for the purposes of" the act, and that by section 1187 it is provided that "in all cases . . . the acceptance by said owner or his agent, of said building . . . shall be deemed equivalent to a completion thereof for all the purposes of" the act. "It follows," it is added, "that the building was completed and accepted upon the eighth day of December, 1896."

But the strength of this position lies altogether in the error of supposing that the case is to be governed by the provisions of section 1187 of the Code of Civil Procedure, as amended March 27, 1897, rather than by those of the section as it stood before the amendment, where similar language is used, but

as applying only *"in case of contracts,"* (*Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 229, 237), which is not the case here. By the unamended section the provision is, that the liens of others than contractors must be filed "within thirty days after the completion of [the] building," and nothing is added to, or taken from, this provision by the subsequent provisions of the section. (Code Civ. Proc., sec. 1187, as amended March 15, 1887.) It does not appear, therefore, —as was essential to the validity of the liens,—that the building had been completed when the claims were filed. (*Johnson* v. *La Grave,* 102 Cal. 324; *Marchant* v. *Hayes,* 120 Cal. 137.)

The claim of Bennett Bros. is excepted from this objection by the appellant's counsel, but is also disposed of by what has been said. It was indeed filed January 7, 1897, more than thirty days from the day Williams quit work; but there is no finding that there was a "cessation from labor for thirty days upon . . . [the] unfinished building," which, under the provisions of the statute, would have been "equivalent to a completion thereof." (Code Civ. Proc., sec. 1187, Amdmt. of 1887.)

It is also objected to this claim, and to others, that there is a variance between the claims and the evidence; but, as on another trial, the evidence may be different, this objection need not be considered.

It is objected to the claim of Heggum & Marquard, and to those of others, that "the name of the person by whom [the claimant] was employed, or to whom he furnished the materials" is not given. But the claims are explicit on this point.

The claim of McCarthy is objected to on the ground that it does not state the amount of the demand after deducting all just credits and offsets. But reading the verification, which is signed by him, along with the rest of the statement, this is explicitly stated.

The claim of Locke and some other claimants is signed and verified by their attorney, who, in each case, states "that as such attorney he has knowledge of the facts," and makes the affidavit for the claimant on account of his absence from the state. This was sufficient. (Code Civ. Proc., sec. 1187, Amdmt. of 1887.)

In the claim of Lambeth & Co. the value of the lumber

furnished, *"including cartage thereon,"* is stated to be $486.76; and it is objected that the insertion of the words italicized rendered the claim void. The objection, we think, is untenable. The cost of transportation of goods necessarily enters into their value. In view of the evidence, there was perhaps a variance (*Adams* v. *Burbank,* 103 Cal. 646; *Wilson* v. *Nugent,* 125 Cal. 280), but this objection need not be considered.

We advise that the order appealed from be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Henshaw, J., Lorigan, J.