[No. 26.   Second Appellate District.—July 6, 1905.]

## A. L. CARPENTER et al., Appellants, v. MAUD RICE IBBETSON et al., Respondents.

BUILDING CONTRACT—SUBSTANTIAL COMPLIANCE—INDEPENDENT PROMISE —DEFECTS IN STAIRWAY—MEASURE OF DAMAGES—IMPROPER EVIDENCE—COST OF NEW STAIRWAY.—In an action against the owners of a building by contractors to recover the balance due on the contract, and for extra work, where plaintiffs had substantially complied with the contract, which contained an independent promise to pay before the commencement of the work, and where it appeared that alleged defects in a stairway could be remedied at moderate cost, the measure of damages therefor is merely the detriment suffered from breach of the contract. It was error for the court to admit evidence of the cost of a new stairway, and to render judgment therefor, as a measure of damages against the plaintiffs.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, for Appellants.

Where there is a substantial compliance with the contract, the contractor may recover on the contract less detriment proximately caused by a breach of the contract. (Civ. Code, sec. 3300; *People's Lumber Co.* v. *Gillard,* 136 Cal. 55, 68 Pac. 576; *Perry* v. *Quackenbush,* 105 Cal. 307, 308, 38 Pac. 740; *Marchant* v. *Hayes,* 117 Cal. 669, 49 Pac. 840; *Harlan* v. *Stufflebeem,* 87 Cal. 508, 25 Pac. 686; *Katz* v. *Bedford,* 77 Cal. 322, 19 Pac. 523; *Swain* v. *Seamans,* 9 Wall. 257, 274; *McKinney* v. *Springer,* 3 Ind. 59, 54 Am. Dec. 470, 479, and note.)

Isidore B. Dockweiler, for Respondents.

The evidence was admissible to show that a new stairway was required to remedy the defects therein, and any evidence to the contrary is conflicting and not subject to review.

SMITH, J.—Appeal from a judgment for the defendants and from an order denying the plaintiffs' motion for a new

trial. The suit was brought on a written agreement of the plaintiffs with defendants to furnish all inside mill work for a building on defendants' premises, as per detail then in their possession, among which the following appear in the specifications: "All interior finish, etc., to be constructed of selected, even-colored and even-grained, kiln-dried lumber of the several kinds specified, all to be neatly hand smoothed, scraped and sandpapered to perfect, smooth, even finish, no tool or sandpaper marks to be left on same. All oak finish and finish in dining-room below architrave to be secret nailed. Balusters (of the main stairs) to be . . . glued into steps and glued into rail''; the contract price of one thousand dollars to be paid before the commencement of the work.

The complaint alleges a completion of the work in accordance with the terms of the contract, and that plaintiffs had been paid on the contract price the sum of nine hundred dollars, leaving unpaid—with allowance for the omission of certain work by agreement—the sum of $94.75, with interest; and that there is now a balance due and owing on the contract of that amount, with interest, etc. It is further alleged that extra work, described in separate paragraphs of the complaint, was done by the plaintiffs, aggregating, with the balance unpaid on the original contract, the sum of $328.52; which amount the complaint alleges is now due and owing to plaintiffs, with interest, etc.

The answer denies the completion or performance of the contract, or that the amounts claimed by the plaintiffs are due; and in a cross-complaint specifies as breaches of the contract the failure of plaintiffs "to secret nail all stair-work . . . and to furnish selected lumber for aforesaid work and to build the stairs in accordance with said contract," etc.

The court finds the plaintiffs' allegations to be true, except that it finds that it is not true that the plaintiffs have completed the contract in accordance with its terms, or that there is now due to the plaintiffs the several amounts alleged, or any sum of money whatever; and it further finds that plaintiffs have not performed or completed the contract, and that they have "neglected, failed, and refused to secret nail all stair-work, and to properly put in the balusters of the stairs and to furnish selected lumber for said stair-work, and to complete the stairs referred to in said contract in accordance

I Cal. App.—18

with said contract,'' etc.; and that by reason of said failure the defendants have suffered damage in the sum of $328.52, being the amount claimed to be due on the contract by the plaintiffs.

From the statement on motion for new trial it appears that the defendants were permitted to prove by several witnesses, over the objections of plaintiffs, the amount it would cost to build a new staircase in accordance with the plans and specifications—the amounts as given by the several witnesses varying from four hundred dollars to six hundred dollars. This was the only evidence of damages introduced in the case, except that of plaintiffs' witnesses, who testified that the damages resulting from the defects of construction would amount only to a few dollars. And from the testimony of these witnesses it appears, without contradiction, that all the defects complained of could be remedied at a trifling expense, except the failure to secret nail the stairs, and even this, it would appear, could be substantially remedied at a moderate cost.

On this state of the record the points are made by the appellants that the measure of damages allowed by the court was not the true one; and that there was no evidence to justify the findings of the court as to the extent of the damages. Both of these points, we think, must be sustained. The case presented is one of substantial compliance with the contract, within the rule laid down in *Perry* v. *Quackenbush,* 105 Cal. 307 et seq., [38 Pac. 740], and other decisions of the supreme court cited in appellants' brief; and from the findings it is apparent that it was so regarded by the court. It is also to be noted that the payment was to be made before the commencement of the work, and is, therefore, to be regarded as an independent promise within the rule stated by Mr. Anson in his work on Contracts, page 377 et seq. The measure of damages, therefore, was merely the amount of detriment suffered by the defendants by reason of the breaches of the contract, and as to this there is no evidence in the record.

Judgment and order appealed from must therefore be reversed, and it is so ordered.

Allen, J., and Gray, P. J., concurred.