## SCHINDLER v. GREEN et al.*

### Court of Appeal, Third District; August 14, 1905.

#### 82 Pac. 341.

**Agency—Liability of Agent.**—A Contract With Plaintiff for an alteration of defendants' house was signed by defendants' daughters, who had no interest in the house, but lived there with defendants. Defendants had actual knowledge of the agreement between plaintiff and their daughters, knew that the work was being performed by plaintiff, and received the benefit thereof. Held, that defendants' daughters were only agents for defendants, and were not liable on the contract signed by them.

**Building Contracts—Acceptance of Work.**—Plaintiff contracted to build an addition to defendants' house. The plastering of the addition was to be done by another contractor. Plaintiff claimed that his work was completed, and thereupon the plasterer went ahead with his contract, and did the plastering. But it was not shown that defendants occupied the addition. Held, that the doing of the plastering did not constitute an acceptance of plaintiff's work by defendants, such as to excuse plaintiff from actually completing the contract if it was not in fact completed when he quit work.

**Mechanics' Liens—Trivial Imperfections—Unworkmanlike Construction.**—The unworkmanlike failure of a contractor to place the front windows in the basement story of a small house directly underneath the front windows of the upper portion of the house did not constitute a trivial imperfection within the meaning of Code of Civil Procedure, section 1187, declaring that a trivial imperfection shall not be deemed such a lack of completion of the work as to prevent the filing of a mechanic's lien, but was a substantial noncompliance with the contract, which precluded the enforcement of a lien by the contractor.

APPEAL from Superior Court, Sacramento County; Peter J. Shields, Judge.

---

*For subsequent opinions, see post, p. 233; 149 Cal. 752, 87 Pac. 626.

Action by C. Schindler against Thomas Green and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Modified.

J. D. Moynahan and C. A. Elliott for appellants; R. Platnauer for respondent.

BUCKLES, J.—This is an action to foreclose a mechanic's lien. The contract was made by plaintiff with Annie and Maggie Green, daughters of the defendants, and who lived on the premises with the parents, defendants. The work consisted of doing the carpenter work in making alterations and adding two rooms to the house in which the defendants lived—one room as basement, twelve by sixteen, and one room above, twelve by sixteen, and a front porch six by sixteen feet. The plastering was done under another contract, by another party, with which plaintiff had nothing to do. There were no regular plans and specifications, or specifications as to where the doors or windows should be placed, the contract providing that there should be not to exceed six doors and not to exceed ten windows, and the new structure to be built uniformly with the old, to which it was to be an addition; to be plain, at the cost of $403.50 for all material and carpenter work. There were two windows put in the basement part in front, but they were not set directly under the two windows in the front of the upper story. The plaintiff claimed to have finished his contract and done all that he was required to do thereunder. The defendants and Mr. Devine (the brother of the defendant Margaret Green, and who drew the contract, and who seemed to be acting for defendants) demanded that the windows be changed so as to be directly under the windows above. This the plaintiff refused to do, and defendants thereupon refused to pay the balance of the contract, viz., $303.50, or for the extra work, until plaintiff should change the windows. After plaintiff had finished the job, as he claimed—at least after he had done all the work that he did do, and furnished all the material he did furnish—the man employed by defendants went on and did the plastering. The plastering was partially completed, if not fully so, when defendants employed another carpenter to change the windows, setting them exactly under the windows above, at a cost to defendants of $7.50. At the trial the plaintiff had judgment, and

the appeal is by these defendants from the judgment and
from the order denying their motion for a new trial. In
the transcript there are thirty-seven specifications of error
in the court's rulings as to the admission of evidence. We
have gone over all of these rulings carefully, and, finding no
reversible error therein, deem it unnecessary to refer to them
further.

The appellant demurred to the complaint on the ground,
among others, that there was a misjoinder of parties defend-
ant. The demurrer was overruled, and no exception taken.
It is now claimed that no lien could attach to the property
until plaintiff should find it impossible to collect his judg-
ment against Annie Green and Maggie Green, who signed
the contract. They are not shown to have had any interest
whatever in the property. The facts were shown to be as
follows: Annie and Maggie Green were the daughters of the
defendants, and lived with their parents on the said prem-
ises in said house. Devine, who drew the contract and who
supervised and superintended the work, was a brother of the
defendant Margaret Green, and the other defendant, Thomas
Green, could sign his name only with a mark; and that both
defendants had actual knowledge of the agreement between
plaintiff and Annie and Maggie Green as regards the orig-
inal contract and also as to the extra work, and they, and
each of them, at the time the work was being performed,
had actual notice that the work was being performed, and
that the plaintiff was performing it. The defendants, and
not Annie and Maggie Green, have been the recipients of
whatever benefit came from the work of plaintiff, and Annie
and Maggie, under all the circumstances named, appear as,
and were, only agents for the defendants, and are not, there-
fore, liable.

It is claimed, also, by respondent that, inasmuch as the
defendants caused the rooms he had built to be plastered,
they thereby took possession and thereby accepted his work.
There is neither allegation, issue nor finding upon this point.
The evidence shows that the defendants were residing in
the old part of the house, and that the man who was em-
ployed to do the plastering went ahead with his work after
the plaintiff had placed the windows as he left them, and
after he had quit work thereon. The plaintiff alleged he
completed his contract October 13, 1902, but the court found

he completed it September 18, 1902.  The claim of lien was filed October 15, 1902.  We think the circumstances of this case do not warrant us in saying there was an occupation and acceptance on the part of the defendants so as to excuse the plaintiff from completing his contract.  The doing of the plastering was not an occupation of the rooms so as to create an acceptance of plaintiff's work, so as to start the statute in motion as to time to file lien.  This is a dwelling-house, and there is no evidence that the defendants have ever occupied these two rooms built by plaintiff as a habitation: Jones v. Kruse, 138 Cal. 616, 72 Pac. 146.

The greatest fault found with plaintiff's work seemed to be in the manner in which the windows were placed in the front of the building.  There was no dispute as to the fact that the lower windows were not immediately under the ones above.  There was no reason given by any of the witnesses tending to show why they should not or could not have been so placed.  The evidence did show that to place the windows as the plaintiff did place them was unworkmanlike, and the court found (finding 10): "That the two windows placed by plaintiff in the front portion of the basement story of said house were not directly underneath the two front windows of the upper portion of said house, which upper portion consisted of the old house after the same had been raised, and that the placing of such windows in this manner was not workmanlike; and the court finds that the failure of plaintiff to place said windows in the basement in a direct line underneath the two windows of the upper portion of said house is a trivial imperfection."  We do not think the evidence supports the finding "that the failure of plaintiff to place said windows in the basement in a direct line underneath the two windows of the upper portion of said house is a trivial imperfection."  Under the provisions of the last clause of section 1187 of the Code of Civil Procedure, a trivial imperfection in the work will not prevent a lien; but under the peculiar circumstances in this case, and where the court is compelled to find, as it did, that the work complained of was not done in a workmanlike manner, we do not think it can be said the defect is of a trivial nature to the owner.  It is true the defect was small, but the building was a small one, and the addition made by plaintiff was a small structure. Whether or not the defect is a "trivial imperfection" in any

case depends upon the facts and circumstances of each particular case: Willamette etc. Co. v. Los Angeles College Co., 94 Cal. 238, 29 Pac. 629. The defendants were just as much entitled to have their little structure, their home, completed according to the contract, and in a workmanlike manner, as the man who builds a palatial residence is to have first-class work done thereon, and in principle we can see no difference. It was a serious matter with the defendants, and they begged the plaintiff to make the change, which cost but $7.50 to make; but he refused, and declared he could do better in a lawsuit. The plaintiff had not complied with his contract. The findings do not support the judgment so far as the same fixes a lien upon said premises.

The motion for a new trial should have been granted. But, inasmuch as the question of the extra work and the value thereof was fully litigated in these proceedings, and the amount found due therefor, and the defendants have caused the work to be completed, it would be useless to order a new trial now, it appearing that a modification of the judgment would secure justice between the parties.

It is therefore ordered that the lower court be directed to modify its said judgment by striking therefrom the decree for a lien on the premises and providing for sale thereunder and cost of lien and attorney's fee, and enter judgment for plaintiff against defendants for the sum of $326.85, being the balance found due on said contract and for extra work, after having deducted the $7.50 paid by defendants for completing the work.

We concur: Chipman, P. J.; McLaughlin, J.