## SCHINDLER v. GREEN et al.*

### Court of Appeal, Third District; November 16, 1905.

82 Pac. 631.

**Building Contract—Workmanlike Construction.**—Where there is no provision in a building contract as to how windows are to be placed, there is an implied agreement that they shall be placed in a workmanlike manner.

---

*For subsequent opinion, see 149 Cal. 752, 87 Pac. 626.

**Building Contract—Failure Fully to Perform—Compensation.—** Where a contractor fails to complete his contract, even though such failure is a trivial variance, he must have acted in good faith and honestly have endeavored to complete his work properly before he can recover therefor, if the trivial variance is such as to entitle the other party to damages to complete the work or make it as it should be.

**Mechanics' Liens—Appeal—Modification of Judgment.—**Where, in a suit to enforce a mechanic's lien, the lower court found that defendants owed plaintiff a certain sum and awarded him a lien therefor, and defendants found no fault with the amount awarded plaintiff, but appealed on the ground that plaintiff was not entitled to a lien, and all the evidence and proceedings had on the trial were brought before the appellate court for review, that court, on setting aside the judgment for error in giving plaintiff a lien, would not remand the case for a new trial, but would direct the lower court to modify the judgment by striking therefrom the provisions for a lien and to enter a personal judgment in plaintiff's favor for the sum found due.

BUCKLES, J.—This application for rehearing in this case pretends to be based upon the ground that this court in the original opinion in the case, filed August 14, 1905 (ante, p. 229, 82 Pac. 341), committed error in holding that the placing of two windows in the basement story of the house not immediately under the windows in the story above was unworkmanlike and was not satisfactory to defendants, and was not a trivial imperfection. These windows constituted a part of the ornamentation of this little house, as well as of its constituent parts. Ornamentation is as much a matter of substance as any of the constituent parts, such as light and ventilation. The testimony in the case showed, and the court below found, "that the two windows placed by plaintiff in the front portion of the basement story of said house were not directly underneath the two front windows of the upper portion of said house, which upper portion consisted of the old house after the same had been raised, and that the placing of such windows in this manner was not workmanlike." The testimony supports the above finding; but this court found, further, "that the failure of plaintiff to place said windows in the basement in a direct line underneath the two windows of the upper portion of said house is a trivial imperfection." There is no evidence whatever to support this finding, and no inflexible rule of law commanding such deduction; Harlan y, Stufflebeem, 87 Cal. 511,

25 Pac. 686. The evidence is that, as soon as defendants noticed that the windows were not properly placed, the attention of the plaintiff was called to it. He was then and repeatedly thereafter requested to change the windows and place them immediately under the ones above, but he refused to do so. When told that another would be employed to change the positions of the windows and the cost thereof would be deducted from what was due plaintiff, he replied he could do better to go to court, as defendants would have to pay counsel fees and other expenses. The evidence shows the cost of changing the windows and placing them as they should be to exceed $10.

It is true there was no provision in the contract as to how these windows were to be placed, but there was impliedly in plaintiff's contract an agreement that his work should be done in a workmanlike manner, and these windows were not placed in a workmanlike manner, and the failure to place them properly seems to indicate a want of good faith. In a Pennsylvania case, decided in Gillespie Tool Co., 123 Pa. 26, 16 Atl. 37, it is said: "The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadequate, or unimportant omissions or defects. It is incumbent on him who invokes its protection to present a case in which there has been no willful omission or departure from the terms of his contract." The spirit manifested by this plaintiff, when his attention was called to the unworkmanlike manner of setting the front windows would indicate a willfulness, and not an honest endeavor to complete his work in a workmanlike manner. In Harlan v. Stufflebeem, 87 Cal. 511, 25 Pac. 687, the court says: "If there has been no willful departure from its provisions, and no omission of any of its essential parts, and the contractor has in good faith performed all of its substantive terms, he will not be held to have forfeited his right to a recovery by reason of trivial defects or imperfections in the work performed. If the omission or imperfection is so slight that it cannot be regarded as an integral or substantive part of the original contract, and the other party can be compensated therefor by a recoupment for damages, the contractor

does not lose his right of action''—citing numerous cases. That case was before the supreme court on the judgment-roll alone, where the court was unable to view the evidence before the lower court, and the court said: "In the absence of the testimony upon this point, we are bound to assume that it was sufficient to support the finding that the plaintiffs substantially completed their contract, as also the finding that the defendants would be fully compensated for any imperfection in the work by deducting $5 from the contract price." But in the case at bar the testimony is before us, and we do not believe it supports the finding "that the failure of the plaintiff to place said windows in the basement in a direct line underneath the two windows of the upper portion of said house is a trivial imperfection"; that is, if such can be considered a finding of fact. In Perry v. Quackenbush, 105 Cal. 307, 38 Pac. 742, the court said: "In such case there must be a substantial performance of every material covenant in the contract, and the failure must not have resulted from design or bad faith, and whether these facts exist is a matter to be determined by the jury, or the court sitting as a jury. Substantial performance must be found."

Carpenter v. Ibbetson, 1 Cal. App. 272, 81 Pac. 1114, cited by respondent, is a case where the contract price was $1,000 and to be paid before the work begun, and $900 was so paid. There was extra work amounting to $300. Payment was refused, and the contractor brought suit, alleging completion of the work, which was inside work. The answer denies the completion or performance of the contract and the amount due, and by way of cross-complaint specifies breaches of the contract. The lower court found the contract had not been completed and that the defendants were damaged in the sum of $382.52, which was the amount that plaintiff sued for. The appellate court held that this was not the true measure of damages, and that the case was one of substantial compliance with the contract, and also that the payment was to be made before the commencement of the work, and is to be regarded as an independent promise. Besides, there was no suggestion of a want of good faith on the part of the contractor, as in the case at bar. In the case of Van Clief et al. v. Van Vechten, 130 N. Y. 579, 29 N. E. 1019, cited by respondent, this language is used: "But when, as in this case, there is a willful refusal by the contractor to perform

his contract, and he wholly abandons it, and after due notice refuses to have anything more to do with it, his right to recover depends upon performance of his contract, without any omission so substantial in its character as to call for an allowance of damages if he had acted in good faith. While slight and insignificant imperfections or deviations may be overlooked on the principle of 'de minimis non curat lex,' the contract in other respects must be performed according to its terms. When the refusal to proceed is willful, the difference between substantial and literal performance is bounded by the line of 'de minimis' ''—citing a long list of cases. So, in the case at bar, the difference was such that it required the payment of damages, small though they were, to make the change of windows to make them conform to the implied contract that they would stand in the building in a workmanlike manner, and the plaintiff having abandoned the work, showing a willful disregard for his contract and entire want of good faith. It is deemed useless to cite further authorities, for there seems to be a remarkable uniformity in all the cases, holding that, where a contractor has failed to complete his contract, even though the failure is a trivial variance, he must have acted in good faith and honestly endeavored to complete his work properly, before he can recover, if the trivial variance is such as to entitle the defendant to damages to complete or make it as it should be. Good faith and honest intention are prerequisites before relaxing the rule of strict performance to substantial performance. It will be borne in mind this was a small dwelling, being but sixteen by thirty-two feet, with but two windows in the front in each story, so that the misplacing of the windows in the basement story is not so small a matter, and these people, the defendants, are as much entitled to have the windows in their little home put in perfectly, and in a workmanlike manner as the owner of a more imposing structure. The imperfections complained of, while generally they would be considered small, in this instance, to these people, became a matter of great importance. The evidence shows that, had the plaintiff acted in good faith, with an honest endeavor to do the right thing, he could have had his money without suit.

For the reasons stated the plaintiff is not entitled to a lien; and, as we see no reason for changing the views ex-

pressed in our former opinion, the same are adhered to. In that opinion we directed that a personal judgment be entered in favor of plaintiff for $326.85, being the amount found due him in the lower court. In his brief on rehearing plaintiff objects to this, on the ground that, if he is entitled to a personal judgment, he is entitled to a lien. That he is not entitled to a personal judgment any more than a lien is true, viewed as an abstract proposition of law. But all the evidence taken in the lower court, as well as all the proceedings had on the trial, are before us, and it is plain, under the views we have expressed and a review of the evidence, there is no reason for remanding the case for a new trial: Bianchi v. Hughs, 124 Cal. 24, 56 Pac. 610. And possibly this court would have been justified in simply remanding the case for a new trial, even though nothing but delay and vexation to both sides could result from such a course. But in the case at bar the defendants stood ready to pay the balance due by deducting the amount which it would take to reset the windows, and tendered what was claimed by defendants to be due, and deposited the same in court, and at no time have defendants claimed they would not pay. It is true there was some difference as to extra work, but no material difference as to the cost of changing the windows, all of which was thoroughly gone into at the trial, and the lower court found defendants owed plaintiff the sum of $326.85. The defendants in their brief seem to be satisfied with the amount found due, and say that no good result could come to either litigant by sending the case back for a new trial. Quoting from defendants' brief: "The case appears to have been fully and exhaustively tried in the lower court upon its merits." Then it quotes the following rule: "Where the court can see from the record what the rights of the parties are, it will not remand the case, but will render such a decree as ought to have been rendered below"—and the close of said brief declares that substantial justice has been done between the parties. It appears, therefore, that any further litigation in this matter is for the sole purpose of attorneys' fees for plaintiff and the costs of making and filing a lien, which plaintiff cannot recover upon, under the views here expressed.

Upon these considerations and in the interest of justice, it is therefore ordered that the lower court be directed to

modify its said judgment by striking therefrom its decree declaring a lien on the premises and providing for a sale thereunder and costs of lien and attorneys' fees, then enter a personal judgment against defendants and in favor of plaintiff for the sum of $326.85, and, as so modified, the judgment is affirmed.

We concur: Chipman, P. J.; McLaughlin, J.