[Civ. No. 8060. First Appellate District, Division Two.—September 30, 1931.]

MONARCH METAL WEATHER STRIP COMPANY (a Corporation), Respondent, v. LULU W. CLYNICK et al., Appellants.

Tanner, Odell & Taft for Appellants.

William G. Allen for Respondent.

JAMISON, J., *pro tem.*—This is an action to foreclose a mechanic's lien. The complaint alleges that defendants contracted in writing with plaintiff to have some painting and

repair work done on property belonging to them; that plaintiff duly performed the work and furnished the necessary material in accordance with said contract; that the sum of $728 is due and owing it from defendants; that a claim of lien was duly filed. Defendants answered denying plaintiff had performed said work in accordance with said contract or that defendant J. L. L. Clynick had any interest in said property or that defendant Lulu W. Clynick ever entered into any agreement with plaintiff for said work. Defendants also filed a cross-complaint wherein they alleged that plaintiff performed said work in such an unworkmanlike manner as to leave the walls in an unsightly condition, to defendants' damage in the sum of $5,500. Plaintiff had judgment as prayed for. A motion for new trial was filed and denied and defendants appealed.

Appellants' first contention is that the complaint does not state a cause of action for the reason that the claim of lien is not a valid claim in this, that it was not signed and verified by respondent or by any of its officers. We find no merit in this contention. Section 1187 of the Code of Civil Procedure provides that the claim must be verified by the oath of the claimant or some other person. In the case of *Arata et al.* v. *Tellurium Gold & Silver Min. Co.,* 65 Cal. 340 [4 Pac. 195, 344], the Supreme Court used the following language regarding such verification: "It does not require that the verification shall be in form like that attached to a pleading; indeed such form would probably not comply with the requirement of the section. The affidavit attached to each claim is that the same 'is true'. The omission to state 'of his own knowledge' is not a defect." (*Parke & Lacy Co.* v. *Inter Nos etc. Co.,* 147 Cal. 490 [82 Pac. 51]; *Reed* v. *Norton,* 90 Cal. 590, 602 [26 Pac. 767, 27 Pac. 426]; *Jones* v. *Kruse,* 138 Cal. 613 [72 Pac. 146].) The claim in the case under consideration was signed and verified by plaintiff's attorney and stated that it was true. This met the requirement of said section 1182. Besides appellants admit by their answer that the claim of lien was duly verified.

The contract for the work provided: "1. Wire brush all stained portions of exterior magnesite walls and remove loose particles. 2. Repair and fill all cracks with waterproof, noncracking filler sold under name of Hydro-Seal the

Paraffine Cos., Inc. 3. Calk between wood and stucco of all door and window frames with Kuhl's Elastic Ship Seam Calking Compound. 4. Thoroughly coat all exterior magnesite with two coats of Pabco Stucco Paint No. 6403 (Travertine color). 5. All woodwork and trim, including shed in rear, to receive one coat of grade A lead and oil paint. Trim to have terra cotta color, and doors sills to have steel gray color. Lamp posts, iron grille work and staff work to be painted. 6. When units are repapered, to apply two coats of Pabco Clear Waterproofing to stained walls prior to hanging of new paper. 7. Fill cracks between parapet walls and roof. Guarantee: All material and workmanship furnished guaranteed to be waterproof and damp proof for a period of five years from date of completion of work. Should any leaks occur or dampness come through, respondent will make all necessary repairs to rectify same free of costs.''

▮ Appellant claims that respondent did not wire brush the exterior walls and that by its failure to do so it breached the contract. C. J. Wilbur, respondent's foreman, testified that they did not use the wire brush for the reason that the wire brush did not take hold, but rode over the top; that the purpose of wire brushing is to remove loose particles from the wall. Finding that the wire brush did not accomplish that purpose, they used a cocoa broom with stiff bristles instead. C. H. Zeus, president of the respondent company, testified that the reason the wire brush was not used was because it would not take hold and that they used a heavy fibre brush to get off the loose particles and they brushed the walls several times. There is no evidence that the substitution of the cocoa broom for the wire brush, in brushing the exterior walls did not effect the same result in removing the loose particles that would have been effected had the wire brush been used.

▮ The next contention of appellant is that the cracks were not filled with waterproof filler. There is no merit in this contention. Respondent produced evidence that the cracks were filled with waterproof, noncracking filler sold under the name of Hydro-Seal by the Paraffine Company, as called for by the contract. Appellant claims that the walls were not coated with waterproof paint, nor was the paint and trimming done in a good and workmanlike manner.

There was evidence on the part of respondent to the effect and not only were two coats of Pabco stucco paint placed upon the exterior magnesite walls, but owing to the insistence of appellant Lulu W. Clynick, who was the owner of the property and who was present during the larger part of the time while the work was being performed and who was not satisfied with the color, in the endeavor to satisfy her, that it caused three coats of said paint to be put on some of the said walls and four on the others.

Lastly, appellants contend that the walls were not made waterproof or damp proof. The contract provides that the material and workmanship furnished by respondent is guaranteed to be waterproof and damp proof for a period of five years from date of completion of work and should any leak or dampness come through, respondent will make all necessary repairs to rectify same. There is no evidence that appellants ever notified respondent that dampness had appeared on any work that they had done, nor in fact that such condition existed prior to the commencement of this action, nor that respondent ever refused to carry out this part of the contract.

Appellants complain that the filled cracks upon the exterior walls present a checker-board effect that renders its appearance unsightly. While there is nothing in the contract requiring respondent in any manner to prevent these cracks from showing otherwise than filling them and painting them in a workmanlike manner, still the evidence shows that respondent did everything that could be reasonably done to cover them up.

We find nothing to justify a reversal and therefore affirm the judgment.

Nourse, P. J., and Spence, J., concurred.