CHARLES NORDINE v. INGEBORG KNUTSON and Another.[1]

Oct. 17, 1895.

Nos. 9739—(206).

**Verification of Lien Statement.**

The verification of a lien statement was that the affiant was the person named as claimant in the foregoing claim for a lien, "that he had knowledge of the facts therein stated and that the same were true." *Held* sufficient.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining the demurrer of defendant Fleming to the complaint. Reversed.

*John W. Best*, for appellant.

*Schoonmaker, Fleming & Hintermister*, for respondents.

MITCHELL, J. The only question in this case is the sufficiency of the verification of plaintiff's statement of claim for a mechanic's lien. The requirement of the statute is that "said statement shall be verified by the oath of the person claiming the lien or by his agent or by one having knowledge of the facts." G. S. 1894, § 6236. The verification is as follows: "Charles Nordine, of said county, being duly sworn, says: he is the person named as claimant in the foregoing claim of lien, that he has knowledge of the facts therein stated and that the same are true." The objections urged to this verification are: First, that it does not verify the whole of the statement, but only that part of it designated "facts therein stated"; second, that the word "facts" means and includes only such statements as are true in fact, and therefore that the verification amounts merely to an affidavit that such parts of the statement are true which are true in fact, and hence is no verification at all. We think these criticisms are altogether too technical. What the statute aims at is, by requiring an affidavit of the truth of the statement of facts upon which the claim for a lien is founded, to prevent the incumbering of the titles of property by the filing of unfounded

[1] Reported in 64 N. W. 565.

claims for liens.   The fair construction of this verification is that, the party swears that those matters stated as facts in his lien statement are true.   This is certainly a substantial compliance with the statute.

Order reversed.