ADOLPH B. KRENGEL v. ELIZABETH HASLAM and
Another.[1]

·July 12, 1912.

Nos. 17,703—(160).

**Mechanic's lien — verification.**

> The verification of a lien statement, under section 3511, R. L. 1905, show-
> ing upon its face a full compliance with the statute, *held* sufficient, though
> made by an agent upon information communicated to him by the lien claim-
> ant.

Action in the district court for Ramsey county to foreclose a
mechanic's lien for $55.80. The answer of defendant Haslam ad-
mitted ownership of the property. The case was tried before Orr,
J., who made findings and as conclusions of law ordered judgment
in favor of plaintiff for the amount demanded with costs, including
the sum of $10 double costs as provided by law. From the judg-
ment entered pursuant to the findings, plaintiff appealed. Reversed
and new trial granted.

*W. E. Barnacle,* for appellant.
*David F. Peebles,* for respondent.

BROWN, J.

In June, 1909, defendant Thorp entered into a contract with the
owner for the construction of a building upon property owned by
him, in and by the terms of which he undertook and agreed to fur-
nish all labor and material for the completion of the work. The
contractor employed plaintiff to do certain decorating and painting
upon the building at the agreed compensation of $55.80. Plaintiff
thereafter, his claim not being paid, duly perfected a lien upon the
premises for the amount so due him. This action was brought to
foreclose the lien. Plaintiff's lien statement was in all things in
conformity with the statutes, but was not personally verified by him.

[1] Reported in 137 N. W. 11.

The verification was by his agent and attorney, and in form and substance in compliance with section 3511, R. L. 1905. It appeared on the trial that the only knowledge the attorney had with reference to plaintiff's claim was obtained from facts communicated to him by plaintiff and by the contractor. Upon this fact so appearing, counsel for defendants raised the objection that the verification was insufficient, and because thereof plaintiff had no valid lien. The court sustained this contention, and ordered judgment that plaintiff take nothing by the action as against the owner of the property. Plaintiff appealed from an order denying a new trial.

Section 3511, R. L. 1905, provides that lien statements shall be verified by some person having knowledge of the facts, or, to use the language of the statute, "by the oath of some person shown by such verification to have knowledge of the facts stated." The contention of the defendant is that, because the attorney who verified the lien knew nothing about the facts except what had been told him, he was not authorized to verify the statement, and the attempted verification must be rejected. We do not concur in the contention. The verification was in form and substance in full conformity with the statutes, and purported to be based upon personal knowledge of the facts. Upon its face the lien statement was complete, and created a valid lien upon the property for whatever amount was due and owing to plaintiff. There is no claim that the statement demands more than was due, nor any suggestion that the statement is in any respect untrue. The naked claim is that the attorney could not properly verify the statement, because he was not personally cognizant of the employment of plaintiff. We do not think the statute should be construed so strictly.

It must often happen that lien statements cannot well be verified by a person personally cognizant of all the facts, and that he must base his verification upon information furnished in part by others familiar with them. For instance, some agent or officer of a corporation would of necessity verify the lien statement, and it is obvious that in many instances he would be required, in making the statement, to rely upon information given him by other officers or agents who had personal charge of a particular transaction. The

same situation might be presented in the case of a copartnership. In either case the individual member of the copartnership, or the agent of the corporation, in the preparation of the lien statement would be required to rely for specific information upon those personally familiar with particular items of the claim. If this were not permissible, then the verification of the statement would necessarily have to be made by all those who personally had in charge particular transactions. Such was clearly not the purpose of the statute. The statute is a remedial one and should be liberally construed. Coughlan v. Longini, 77 Minn. 514, 80 N. W. 695; Nordine v. Knutson, 62 Minn. 264, 64 N. W. 565. And since no claim is made that the lien statement is in any respect untrue, and the verification upon the face is in full compliance with the statute, we hold it sufficient. Such seems to be the rule in New York. Ward v. Kilpatrick, 85 N. Y. 413, 416.

Order reversed, and new trial granted.