Nicholas M. Pette, J.
Motion by an owner for an order vacating the lien heretofore filed by the lienor for failure of lienor to furnish an itemized statement of labor and materials. It appears that on August 22,1962, this court entered an order *397 discharging Mur '.Corporation’s lien filed against realty of Lawrence Arms, Inc., the owner thereof, unless an itemized statement of labor and materials and the terms of the contract be furnished within 20 days after service of that order with notice of entry thereof.
It further appears that the aforesaid order was not properly served and that when the owner moved for cancellation of the lien, on October 16, 1962, the court withheld decision on the motion and, instead, gave the lienor until October 19, 1962, to furnish the statement pursuant to section 38 of the Lien Law. It is undisputed that on October 19, 1962, the lienor did serve a statement upon the attorney for the owner. The owner then moved for the instant application to vacate the lien of Mur Corporation, upon the ground that the statement does not comply with the requirements of section 38 of the Lien Law.
The remedy of an owner who has received an allegedly insufficient statement under section 38 of the Lien Law is to move for a further statement to conform with the statute upon two days’ notice. .(Lien Law, § 38.) The procedure prescribed by section 38 not having been followed, the present application to discharge the notice of lien upon the ground of insufficiency of the statement is premature. (Matter of Magowan, 203 N. Y. S. 2d 35; see, also, Matter of Pinckney, 13 A D 2d 806.)
An application for an order canceling a lien must be made upon five days’ notice (Lien Law, § 38). It appears that the moving papers herein were served on October 22, 1962, and the motion was returnable on October 24, 1962. Accordingly, the owner failed to give the notice required by the statute.
Upon a motion for a further statement the statute requires the owner to give two days’ notice of motion. (Lien Law, § 38.)
Where the lienor is suing in whole or in part for a balance under a completed contract, his statement under section 38 of the Lien Law need not specify the items constituting this balance. ‘ ‘ It seems to this court that section 38 of the Lien Law requires an itemization of materials and labor only in a case where the lien is based on quantum meruit. Where the work has been completed, and the contract was for an agreed price, nothing would be accomplished by requiring the lienor to furnish an itemization of materials furnished and labor performed in performance of the contract.” (Matter of Borysko, 2 Misc 2d 621; see, to the same effect, Matter of Weinstein & Co., N. Y. L. J., June 1, 1962, p. 12, col. 6; Matter of Thomas Mem. Weslyan M. Church, N. Y. L. J., Aug. 8,1957, p. 2, col. 6.)
In the light of the authorities, this court is of the opinion that the statement furnished by the lienor herein is sufficient and, *398 for that reason as well as the fact that the instant motion seeks a remedy other than that provided by section 38 of the Lien Law under the facts appearing herein, the motion must be denied.