FARMERS COOPERATIVE COMPANY OF BROOKINGS, Appellant v. BROWN, et al., Respondent

(214 N.W.2d 89)

(File No. 11211. Opinion filed January 18, 1974)

Alan F. Glover Law Firm, Brookings, for plaintiff and appellant.

Lester H. Herbrandson, Estelline, for defendant and respondent Norton Biery.

WINANS, Justice.

Prior to November 1969 the respondent, Norton Biery, was the title holder of record of a parcel of real estate located in the city of White in Brookings County, South Dakota. On November 5, 1969 he entered into a contract with Rodney Brown purporting to sell the parcel for the sum of $400, but Brown subsequently failed to complete the transaction.

Brown erected a building on the premises in November and December of 1969. While in the process of completing the building, Brown purchased approximately $3,133.28 worth of building materials and supplies from the appellant, Farmers Cooperative Company, on an open account, which was utilized by Brown in the construction of the building.

On March 6, 1970 the appellant caused a statement of claim for materialman's lien, in the amount of $3,133.28, to be filed for record in the office of the Brookings County Register of Deeds upon the property owned by Biery. The lien statement included $210.98 which the court found to be for nonlienable items. The lien statement had been prepared in part by employees of the appellant and completed by the appellant's attorney. The verification of the lien statement was signed under oath by an attorney in the employ of the appellant.

The action to enforce the lien was commenced in December of 1970. The respondent, Biery, filed a timely answer while the appellant took judgment by default against Brown. The matter was tried to the court July 11, 1972 and the circuit court ruled appellant's attorney was not a proper person to verify the statement and for this reason adjudged the lien statement to be ineffective. The appellant has appealed the circuit court's judgment that the lien was improperly verified.

SDCL 44-9 deals with mechanics' and materialmen's liens of the type dealt with in the present appeal. More precisely, this appeal deals with the interpretation given SDCL 44-9-16 which in part states:

> "Such statement shall be made by or at the instance of the lien claimant, shall be verified by the oath of some person shown by such verification to have knowledge of the facts stated   *   *   *."

It was the lower court's view "there must be a definite showing that the person making the verification shall have actual knowledge of the facts". In this case the oath was to the effect that the attorney has read the statement, knows the contents, has knowledge of the facts stated therein, and that the same is in all respects true. The Court further stated, "In my view the statute contemplates that it would be an officer of the corporation, or manager, or bookkeeper who is personally familiar with the facts" who would be the person to make the verification. The appellant contends this knowledge could be gained by an attorney in the course of his employment by a client, and was in the instant case. The issue in this case is whether the conclusory language in a lien verification signed by an attorney, qua attorney, that he has read the statement, knows the contents thereof, has knowledge of all the facts therein stated, and that said statement is in all respects true, is sufficient to satisfy the requirements of the statute SDCL 44-9-16 that the verification must show that the person filing the lien statement has knowledge of the facts stated. We hold that it is.

In H. C. Behrens Lumber Co. v. Lager, 26 S.D. 160, 128 N.W. 698, this court said that the primary purpose for the filing of a mechanic's lien was to give notice so that the ordinarily prudent person who is interested in property can properly protect himself against unknown claims for labor or materials. The purpose for the verification of the claim is aptly stated in Layrite Product Co. v. Lux, 86 Idaho 477, 388 P.2d 105, where it was held that the requirement that the claim must be verified by oath indicates a desire to frustrate frivolous claims. No contention is made that the claim in the instant case is untrue or frivolous, except as to nonlienable items before mentioned and on which we

express no opinion. In fact the contents of the statement were largely agreed to as legitimately included in the lien statement. Likewise, no contention was made that the statement was so deficient as not to perform its notice-giving function.

The circuit court in declaring the verification insufficient and invalidating the lien found the language of SDCL 44-9-16 to be restrictive as to who could verify the statement. In arriving at this conclusion, the court ruled out the possibility that an attorney could perform this act under these facts. This seems too restrictive an interpretation to place on SDCL 44-9-16. The statute clearly says the statement "shall be made by or at the instance of the lien claimant". By communicating to the attorney the operative facts, it would seem the attorney could then draw up the statement and clearly be acting "at the instance of the lien claimant", and could have "knowledge of the facts stated". By its very nature the attorney-client relationship gives rise to many occasions where the attorney has data communicated to him by a client and then sets out such facts and verifies them. The case of Krengel v. Haslam, 118 Minn. 506, 137 N.W. 11, in which the court dealt with a statute quite similar to SDCL 44-9-16, and decided a lien statement could be verified by the lien claimant's attorney upon facts communicated to him by his client, lends support to this argument. In that case the court stated:

> "The contention of the defendant is that, because the attorney who verified the lien knew nothing about the facts except what had been told him, he was not authorized to verify the statement, and the attempted verification must be rejected. We do not concur in the contention. The verification was in form and substance in full conformity with the statutes, and purported to be based upon personal knowledge of the facts. Upon its face the lien statement was complete, and created a valid lien upon the property for whatever amount was due and owing to plaintiff. There is no claim that the statement demands more than was due, nor any suggestion that the statement is in any respect untrue. The naked claim is that the attorney could not properly verify the statement, because he was not personally cognizant of the employment of plaintiff. We do not think

> the statute should be construed so strictly. It must often happen that lien statements cannot well be verified by a person personally cognizant of all the facts, and that he must base his verification upon information furnished in part by others familiar with them. For instance, some agent or officer of a corporation would of necessity verify the lien statement, and it is obvious that in many instances he would be required, in making the statement, to rely upon information given him by other officers or agents who had personal charge of a particular transaction. The same situation might be presented in the case of a copartnership. In either case the individual member of the copartnership, or the agent of the corporation, in the preparation of the lien statement would be required to rely for specific information upon those personally familiar with particular items of the claim. If this were not permissible, then the verification of the statement would necessarily have to be made by all those who personally had in charge particular transactions. Such was clearly not the purpose of the statute. The statute is a remedial one and should be liberally construed. Coughlan v. Longini, 77 Minn. 514, 80 N.W. 695; Nordine v. Knutson, 62 Minn. 264, 64 N.W. 565. And since no claim is made that the lien statement is in any respect untrue, and the verification upon the face is in full compliance with the statute, we hold it sufficient."

Church E. Gates & Co. v. National F & E Ass'n, 172 App.Div. 581, 158 N.Y.S. 1070 (1916) and Jones v. Kruse, 1903, 138 Cal. 613, 72 P. 146, further support the above principles. In Fullerton v. Leonard, 3 S.D. 118, 52 N.W. 325 (1892), this Court dealt with a somewhat similar question and held:

> "So it would seem that a verification by an agent, who had positive knowledge of the facts stated in the account, would be sufficient, if for no other reason than that the act of an agent, done within the scope of his authority, is the act of the principal. In the case of Williams v. Webb, 2 Disn. 432, it was held that a statute containing the words, 'any person entitled to a lien

under this act may make the affidavit,' will not preclude an agent of the party entitled to the lien from making the oath to the account of items of material. The objection that the lien was not established, because the verification to the account filed was made by an agent of the lien claimant, is not tenable."

In the present case the lien statement was made "at the instance of the lien claimant" and through the communications between attorney and client it could be found the attorney had gained the required "knowledge of the facts stated".

The requirement of "actual knowledge" in the sense as set down in the decision of the trial court seems too strict a requirement when considered in the light of language of this statute and when one takes into consideration the peculiar relationship existing between an attorney and his client. One must consider what the verification is. It is "a sworn statement of the truth of the facts stated in the instrument verified". 3 Am.Jur.2d, Affidavits, § 20, p. 397. From the facts communicated to the attorney and his investigation of the itemized statement of the account, which was attached to the lien statement, it would seem only reasonable that the attorney who verified this statement could have gained the "knowledge of the facts stated".

There is nothing in SDCL 16-18 relating to powers and duties of an attorney prohibiting him from making such a verification. The lower court incorrectly interpreted the language of SDCL 44-9-16. The invalidity of the lien statement because of an improper verification in this case is untenable, and therefore the

Judgment is reversed.

BIEGELMEIER, C. J., WOLLMAN and DUNN, JJ., and MUNDT, Circuit Judge, concur.

MUNDT, Circuit Judge, sitting for DOYLE, J., absent.