CRESCENT ELECTRIC SUPPLY CO., Respondent and Appellant v. NERISON et al., Appellants and Respondents,
v.
CREIGHTON TV SERVICE, Respondent v.
INTERSTATE ELECTRIC SUPPLY CO., INC.,
Respondent and Appellant,
v.
AUDINO CONSTRUCTION CO. et al., Defendants

(232 N.W.2d 76)

(File Nos. 11398, 11405 and 11407. Opinion filed August 1, 1975)

Robert C. Heege, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Crescent Electric Supply Co., plaintiff, respondent and appellant.

Robert L. O'Connor, Sioux Falls, for Ove A. Nerison, and others, appellants and respondents.

Robert J. McDowell, Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for Creighton TV Service, respondent, and Interstate Electric Supply Co., respondent and appellant.

WINANS, Justice.

This mechanic's lien case has involved several parties, some of them no longer concerned with the matter. Crescent Electric Supply Company is a wholesaler with a place of business at Sioux Falls. From December of 1970 through mid-May of 1971 it supplied materials to West Electric Company, Inc., for electrical work being done in the construction of Tower Apartments. It appears that Tower Apartments in turn paid West Electric some $19,000 which West Electric in turn applied to its other outstanding accounts at Crescent Electric but not to its Tower Apartments account. In due time West Electric went into bankruptcy. Crescent Electric filed a mechanic's lien against Tower Apartments and brought an action to foreclose. It joined as defendants in addition to Tower: Creighton TV Service, Interstate Electric Supply Company, Inc., Audino Construction Company, Swenson Plumbing and Heating, Day Excavating and Northwestern National Bank of Sioux Falls. Either before or at the trial Audino Construction Company, Swenson Plumbing and Heating and Day Excavating were released as parties. Northwestern National Bank put in no answer.

The case was tried to the court in April and May of 1973 at Sioux Falls. The court rendered its opinion on August 27, 1973 and judgment was entered October 9, 1973. Crescent Electric was awarded slightly more than seven thousand dollars with interest from May 20, 1971. Creighton TV Service was awarded just over one thousand dollars with interest from July 14, 1971. The claim of Interstate Electric was denied. The court also refused Crescent Electric's request for attorney's fees and it reduced its claim by nearly three hundred dollars in light of additional materials furnished by another firm to complete the Tower job.

Tower Apartments appealed and Crescent Electric cross appealed. Interstate Electric has also appealed. Numerous issues have been raised. They include the validity of the liens of Crescent Electric, Creighton TV Service and Interstate Electric on statutory grounds, the denial of attorney's fees, the court's reduction of Crescent's claim, and the constitutionality of our mechanic's lien process. Because of failures of Crescent Electric,

Creighton TV Service and Interstate Electric to comply with the plain and simple requirements of our state's mechanic's lien filing law, we reverse the lower court's decision as to Crescent Electric and Creighton TV Service and affirm as to Interstate Electric.

It has been argued that issues not raised at or before trial cannot be treated with on appeal. While this is generally the law it does admit of exceptions. See *Pine Grove Nevada Gold Mining Co. v. Freeman*, 1946, 63 Nev. 357, 171 P.2d 366. The objection matters not for it is not applicable to the case before us. In ruling on a motion to amend Interstate's mechanic's lien claim at trial the court, *sua sponte*, said:

> "It appears to the Court that there is a question of whether or not several of these mechanic's liens were filed in conformity to our statute, and I call your particular attention to SDCL 44-9-16, and the subsequent statutes relating to the filing of mechanic's liens." (TR. 120)

The Court later ruled on the defects in all three lien claims and these rulings were subsequently attacked in the assignments of error. The issues in question are therefore all properly before us on review without resort to any extraordinary review powers. Because the failure of Crescent Electric, Creighton TV and Interstate Electric is dispositive of each party's case it will be unnecessary to deal with the constitutional question raised.

In dealing with the filing of mechanic's lien claims SDCL 44-9-16 requires, *inter alia*, that

> "[s]uch statement shall be made by or at the instance of the lien claimant, shall be verified by the oath of some person shown by such verification to have knowledge of the facts stated, and shall set forth:
>
>     \*    \*    \*    \*    \*    \*
>
> (7) An itemized statement of the account upon which the lien is claimed."

The verification section of the standard printed mechanic's lien claim form filed by Crescent Electric Supply Company reads as follows:

"STATE OF SOUTH DAKOTA ⎫
⎬ ss.
County of Minnehaha ⎭

E. E. Benner, being first duly sworn, say (sic) that he is Manager of Crescent Electric Supply Company the lien claimant mentioned in the foregoing statement; that he has read said statement and knows the contents thereof; that he has knowledge of all the facts therein stated, and that said statement is in all respects true.

/s/ E. E. Benner

Subscribed and sworn to before me this 3rd day of August, 1971.

/s/ E. E. Benner

Manager
(Name of Office)

"STATE OF SOUTH DAKOTA ⎫
⎬ ss.
County of Minnehaha ⎭

On this 3rd day of August, 1971, before me personally appeared E. E. Benner, Manager of Crescent Electric Supply Co., known to me to be the person described in and that he executed the within and foregoing instrument, and acknowledged to me that he executed the same.

/s/ Robert C. Heege

Notary Public
(Name of Office)
ROBERT C. HEEGE
Notary Public, South Dakota
My Commission Expires
February 20, 1976."

The printed mechanic's lien claim form of Creighton is filed in the name of Herbert I. Creighton and signed by an attorney as "Attorney For *Lien Claimant.*" The verification section of that form appears to be devoid of any entries in the blanks. There are

no signatures on the lines provided, either the claimant's signature or the signature of the officer administering the oath. In other words, no attempt was ever made to complete or verify the claim.

The question posed by the Interstate Electric claim form concerns the "customer's ledger" page which is appended to the claim form. It reads as follows:

*INTERSTATE ELECTRIC SUPPLY CO.*
524 North Main Ave.     SIOUX FALLS, SOUTH DAKOTA 57102
★ Wholesale Electric Supplies ★
CUSTOMER'S LEDGER

NAME     WEST ELECTRIC                          FILED        EX. _____ /4/
         4509 SOUTH LOUISE                                    W.C. JOHNSTON
ADDRESS  SIOUX FALLS, SO. DAKOTA 57106    Apr 17 1973

CITY.                                      Minnehaha County
                                           Roger D. Moan
                                           Clerk Circuit Court

| DATE | | FOLIO | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|
| | | | BALANCE FORWARD → 669.45 | | |
| Dec 31 | 70 | 12,299 | 460.09 | | |
| Dec 31 | 70 | 12,487 | 94.36 | | |
| Dec 31 | 70 | 12,540 | 101.86 | | |
| Dec 31 | 70 | 12,549 | 161.91 | | |
| Dec 31 | 70 | 12,601 | 25.39 | | |
| Dec 31 | 70 | 12,622 | 39.44 | | 1,552.50 |
| Jan 29 | 70 | 12,797 | 101.45 | | |
| Jan 29 | 70 | 12,830 | 126.42 | | 1,780.37 |
| Jan 29 | 70 | 12,734 | 82.13 | | |
| Jan 29 | 70 | 12,911 | 2,084.50 | | 3,947.00 |
| Jan 30 | 71 | 12,744 | 403.64 | | |
| Jan 30 | 71 | 12,840 | 792.70 | | |
| Jan 30 | 71 | 12,974 | 67.93 | | 5,211.27 |
| Feb 26 | 71 | 13,164 | 186.88 | | |
| Feb 26 | 71 | 13,320 | 512.47 | | |
| Feb 26 | 71 | 13,182 | 207.09 | | |
| Feb 26 | 71 | 13,515 | 13.91 | | 6,131.62 |
| Mar 15 | 71 | | | 1,780.37 | 4,351.25 |
| Apr 23 | 71 | 13,482 | 207.33 | | |
| Apr 23 | 71 | 13,599 | 165.78 | | |
| Apr 23 | 71 | 13,694 | 57.81 | | 4,782.17 |
| Apr 31 | 71 | 14,061 | 9.08 | | |
| Apr 31 | 71 | 13,819 | 112.26 | | |
| Apr 31 | 71 | 13,934 | 5.71 | | 4,909.22 |
| May 19 | 71 | 13,970 | 43.03 | | 4,952.25 |
| May 28 | 71 | 13,899 | 285.45 | | |
| May 28 | 71 | 14,238 | 33.72 | | |
| May 28 | 71 | 14,381 | 268.83 | | 5,540.25 |
| May 21 | 71 | 14,363 | 147.38 | | |
| May 21 | 71 | 14,743 | 45.25 | | |
| May 21 | 71 | 14,529 | 40.24 | | 5,773.12 |
| May 25 | 71 | | | 1,000.00 | 4,773.12 |
| May 29 | 71 | 14,821 | 181.38 | | |
| May 29 | 71 | 14,944 | 27.70 | | 4,982.20 |

There is no easily understood indication given on this ledger page of either the ultimate destination of the goods sold or of the

number and nature of the materials involved. The sheet contains merely a heading with names of seller and purchaser, dates, folio numbers, debits, credits and a running balance.

We will first take up the claim form of Crescent Electric. There is no question that our state statute SDCL 44-9-16 requires lien claims to have been verified by oath before filing. There is also no serious question concerning the meaning of that requirement. The first definition assigned to the word "verify" by *Black's Law Dictionary* is "To confirm or substantiate by oath." A verification is "* * * a sworn statement of the truth of the facts stated in the instrument verified. It always involves the administration of an oath. I Am.Jur. 942, § 13,949; 44 Words & Phrases Verification; Verify 138, 142." *Bell and Zajicek, Inc. v. Heyward-Robinson Company,* 1962, 23 Conn.Sup. 296, 182 A.2d 339. The requirement of a verified claim was made in order to frustrate frivolous claims. *Farmers Cooperative Company v. Brown,* 1974, 88 S.D. 8, 214 N.W.2d 89. One would expect the solemnity of an oath to evoke the utmost care on the part of the claimant, at least to the extent that proper parties are named, correct amounts claimed, only legitimate debts itemized and statutory filing requirements conformed to. It is true that long ago this Court held:

> "The mechanic's lien law was designed for the protection of a meritorious class of persons, whose material or labor has contributed to create and bring into existence the buildings or improvements upon which the lien is claimed * * * and should therefore receive a liberal construction, to effect, as far as possible, consistent with the rules of law and the rights of property owners, the object intended." *Pinkerton v. Le Beau,* 1893, 3 S.D. 440, 54 N.W. 97.

This same policy of liberal construction to effect substantial justice, absent statutory restriction, was reaffirmed the following year in *Hill v. Alliance Building Co.,* 1894, 6 S.D. 160, 60 N.W. 752. Our decision today in no way departs from previous policy. Rather, we acknowledge that even "liberal" construction has its boundaries. Excessive formalism has at times undermined the attainment of justice. Nevertheless, informality, inadvertence and

carelessness are not the means of undoing past wrongs in this regard. Our legislature very clearly spelled out the elements required for the filing of a lien claim. In its collective wisdom it found it appropriate to demand verification by oath. We assume that statutes mean what they say and that the legislators have said what they meant. This being so, and there being no doubt about the requirements for verification by oath, we find that the lien claim of Crescent Electric Supply Company is not so verified. Benner, Manager of Crescent, has signed the verification both in the place of the affiant and in the place of the officer administering the oath. He cannot administer an oath to himself for official purposes. Nobody can. No place in the verification in question is there any indication whatsoever that a properly qualified officer administered the requisite oath.

Although we are aware that the Iowa Supreme Court, in a case similar to the one before us, held that an acknowledgment sufficed for a verification where the notary had signed the acknowledgment but not the segment worded: "Subscribed and sworn to before me by_____this_____day of_____A.D. 19_____" which immediately preceded the acknowledgment, we are not persuaded. See *Dalbey Bros. Lumber Co. v. Crispin*, 1943, 234 Iowa 151, 12 N.W.2d 277. Rather, we find ourselves in accord with the Supreme Court of New Mexico in *Home Plumbing and Contracting Company v. Pruitt*, 1962, 70 N.M. 182, 372 P.2d 378. This case also involved a statute which required that a mechanic's lien claim be verified. The court there failed to find that any words of the claim "were designed to operate as a verification," although the acknowledgment on the form had been completed and notarized. It concluded:

> "While reiterating our adherence to the rule of liberal construction, we are convinced that with a total absence of any words confirming correctness, truth or authenticity by affidavit, oath, deposition or otherwise, to conclude that the acknowledgment to the instant claim of lien was a sufficient compliance with the requirements of a verification would be stretching the rule of liberal construction beyond recognition, and would approach judicial repeal of the legislative mandate that claims should be verified by oath."

See also *Bell and Zajicek, Inc. v. Heyward-Robinson Company,* 23 Conn.Sup. 296, 182 A.2d 339, 1962, holding that "[t]he term 'sworn to' implies that the subscriber shall have declared upon oath the truth of the statement to which his name is subscribed, and a certificate which merely recites that the claimant 'acknowledges' execution of the lien is insufficient." Agreeing as we do with the New Mexico and Connecticut courts, we conclude that the lien claim of Crescent Electric is unverified and is therefore invalid, a nullity. In view of the invalidity of Crescent Electric's lien claim both the issue of the refusal of the trial court to award attorney's fees and the issue of the reduction in the amount of Crescent's award are moot.

■ Creighton TV Service's lien claim is also fatally defective. This court has recently dealt with the question of whether or not an attorney can file and verify a client's mechanic's lien and we held that it could be done where the operative facts had been previously communicated to the attorney. *Farmers Cooperative Company v. Brown,* 1974, 88 S.D.8, 214 N.W.2d 89. Under these circumstances there would be no objection to having Creighton's counsel sign its verification as well as its claim. But such is not what transpired here. Nobody has signed the verification and this claim too must fail for lack of compliance with a statutory requirement. The suggestion that Herbert Creighton's signature on the itemized list attached to the claim meets this requirement needs little comment. No place is it stated that he is subscribing to an oath and no place is there even a hint that an authorized official is administering such.

■ Interstate Electric's claim, on the other hand, is both signed and verified. It is not, however, accompanied by the "itemized statement of the account upon which the lien is claimed" which the law demands. This omission cannot be cured by a later attempt to append invoices to the claim at trial. "Itemize" means "to set down by items; state or describe by particulars, as to demand an itemized bill." 48 C.J.S. p. 788. The Arkansas Supreme Court has held that a statement, very much like the statement here in question, which merely listed the date and amount of each invoice, was *not* an itemized account. *Taylor v. Crouch,* 1952, 219 Ark. 858, 245 S.W.2d 217. We agree. Interstate's counsel would urge upon us a construction of the

mechanic's lien statute in question so liberal that the plain meaning of its language would be so transmuted as to be nugatory. Even liberal construction demands substantial compliance with the language of the statute and this Court holds that Interstate's compliance is not substantial enough. Testimony by Interstate's manager at trial indicated that the attached ledger page contained the invoice numbers of items other than those for the Tower Apartments job and that the ledger could only be fully understood by the use of the actual invoices corresponding to the listed invoice numbers. Such a scheme strays too far from the requirements of our law to find acceptance here today. The trial court ruled correctly in disallowing the claim of Interstate Electric Supply Company, Inc., and we affirm its decision on this matter.

Judgment affirmed in part and reversed in part.

All the Justices concur.