H & R PLUMBING & HEATING, INC., a South Dakota Corporation, Plaintiff and Appellant,

and

Johnson Controls, Inc., a Wisconsin Corporation, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in liquidation of Drover's National Bank of Chicago; Clair F. Wieseler; Heritage Leasing of California, Inc.; Robert A. Volk, d/b/a Omega Electric; North Central Supply, Inc., Defendants,

and

First Bank of South Dakota; AJH, Inc.; Alex Group, a South Dakota General Partnership, Defendants and Appellees.

No. 15360.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1987.

Decided May 20, 1987.

. John T. Hughes of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for plaintiff and appellant H & R Plumbing & Heating, Inc.

Donald R. Shultz of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendants and appellees; Jon C. Sogn of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, on the brief.

MILLER, Justice.

Plaintiff H & R Plumbing and Heating, Inc. (H & R) appeals from a judgment dismissing its complaint for foreclosure of a mechanic's lien. We affirm.

On May 15, 1984, H & R entered into a written contract with the owner of the Alex Johnson Hotel in Rapid City to install air conditioning and plumbing in the hotel. In the contract, H & R set forth the brand name, amount, model number, and type of materials to be used in the project. While the costs for individual items were not listed in the contract, the total costs of the project were set forth: $17,649 for air conditioning and ventilation and $7,966 for the plumbing. The contract was based on a flat bid and not on a time and material basis.

Later, H & R timely filed a mechanic's lien for the materials and work it performed in connection with this contract. The itemization attached to the lien statement consisted of three pages. The first page stated the amount claimed to be owing and the amounts previously paid. The second page reiterated the amounts paid and owing and indicated that the work was 100% complete. The third page set forth the following:

| | |
|---|---|
| Labor—May 495.40, June 286.59, July 1935.95, Aug. 1146.56 | 4446.50 |
| Sub-contract—Sept., L & L Insulation Listing of invoices | 9949.79 |
| Shop work—Furnish & Fabricate Sheetmetal duct work, fittings etc. | 2565.00 |
| Copper pipe, fittings etc. from stock | 576.19 |
| | 17537.48 |
| Overhead allocation | 5261.24 |
| | 22798.72 |
| Profit 12.35% | 2816.28 |
| | 25615.00 |
| Amount actually billed | 25615.00 |

The costs and types of the materials used in the project were not listed in the lien's itemization.

H & R commenced this action seeking foreclosure of the lien. Defendants argued that the lien statement was invalid due to insufficient itemization. The trial court agreed and dismissed H & R's complaint.

Two issues are presented to us on appeal. First, defendants argue that H & R's brief fails to meet the statutory requirements of SDCL 15–26A–60 in that it contains no jurisdictional statement, no

statement of legal issues, and no reference to the settled record in the statement of facts. H & R's brief does, in fact, fail in this regard. However, since the case was presented to the trial court on stipulated facts, and since H & R summarized its argument of law indicating the issue involved, we hold that H & R substantially complied with the statute. In the future, counsel should carefully follow the dictates of SDCL 15–26A–60, since failure to do so may result in a waiver of the issues raised on appeal. *See Kelley v. Kirk,* 391 N.W.2d 652 (S.D.1986); *Corbly v. Matheson,* 335 N.W.2d 347 (S.D.1983).

With regard to the merits of the case, the sole issue raised is whether the itemization contained in H & R's lien statement meets the statutory requirements. H & R argues that its itemization is sufficient since the work was contracted for on a lump sum basis rather than a time and material basis.

■ SDCL 44–9–16(7) requires that the lien statement filed by a party shall set forth "[a]n itemized statement of the account upon which the lien is claimed." For purposes of the statute, "itemize" means "to set down by items; state or describe by particulars, as to demand an itemized bill." *Crescent Electric Supply Co. v. Nerison,* 89 S.D. 203, 211, 232 N.W.2d 76, 81 (1975), *quoting* 48 C.J.S. *Item* p. 788. Substantial compliance with the statute is required to protect others with an interest in the property from fraud and imposition. *Ringgenberg v. Wilmsmeyer,* 253 N.W.2d 197 (S.D.1977).

In *Crescent Electric, supra,* we held that a statement which merely listed the date and amount of each invoice was not an itemized account. In addition, the following type of lien statement is not sufficiently itemized:

| | |
|---|---|
| Brick, mortar, sand and freight | $1252.06 |
| Lumber—siding and flooring, plumbing, electrical, etc. | 7784.23 |
| | $9036.29 |

*Builders Supply Co., Inc. v. Carr,* 276 N.W.2d 252, 255 (S.D.1979).

■ H & R is correct in pointing out that a detailed itemization is not necessary when the parties contract to do an entire job at a certain price, with no separate agreement as to either materials or labor. *Ringgenberg, supra; see also* 57 C.J.S. *Mechanics' Liens* § 165 and cases cited therein. The facts in *Ringgenberg* are, however, clearly distinguishable from those in the present case. In *Ringgenberg,* there was nothing in the agreement of the parties regarding the materials to be used in the project; the contractor simply sold a certain result at a certain price. 253 N.W.2d at 201. Here, H & R sold not only certain systems or certain results, but systems with specified types and amounts of materials, as set forth in the agreement. Additionally, H & R billed the hotel for a subcontract and for a percentage of profit; neither of these were present in *Ringgenberg.* Therefore, the rule of *Ringgenberg* is not applicable in this case.

We conclude, as did the trial court, that H & R's lien statement was not sufficiently itemized to notify an ordinarily intelligent and careful person what work was actually accomplished on the property in question. The materials mentioned in the contract should have been listed in H & R's lien statement, along with the type of work done and materials used by the subcontractor. SDCL 44–9–16(7); *Crescent Electric, supra.* Failure to do so renders H & R's lien invalid.

The judgment of the trial court is affirmed.

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I dissent.

The trial court held that:

The Plaintiff's Lien is invalid and thus its Complaint insofar as it seeks a foreclosure must be denied. However, it will stand to the extent that the Complaint demands Judgment against Defendants, Clair F. Wieseler, AJH, Inc., and Alex Group.

If it is valid for judgment purposes, why isn't it valid for mechanic's lien purposes?

In *Ringgenberg v. Wilmsmeyer*, 253 N.W.2d 197 (S.D.1977), this court held that: " 'Where the work is contracted for as an entirety for a specific amount, ... all the information is given that is needed or can reasonably be required.' " *Id.* at 201, *quoting Taylor v. Netherwood*, 91 Va. 88, 20 S.E. 888, 890 (1895). Here, the plaintiff agreed to do certain work: supply and install plumbing, heating, ventilation, and air conditioning for a specific price. Plaintiff's contract was based on a lump sum rather than on a time and materials basis. It described the work (as above) and the price ($25,615). Therefore, no more particular itemization was necessary.

The *Ringgenberg* holding—that a detailed itemization is not necessary when the parties contract to do an entire job at a certain price—is consistent with case law from other jurisdictions. Many courts have ruled that where work was done or materials furnished under an entire contract to do or furnish materials for a gross sum, it is not necessary for the claimant to itemize his account in lien statements. *See, e.g., In Re Groff,* 624 F.2d 133 (10th Cir. 1980); *Mebane Lumber Co. v. Avery & Bullock Builders, Inc.,* 270 N.C. 337, 154 S.E.2d 665 (1967); *Giansante v. Pascuzzo,* 205 Pa.Super. 28, 206 A.2d 340 (1965); *Application of Lawrence Arms, Inc.,* 37 Misc.2d 396, 234 N.Y.S.2d 783 (1962); *Wadsworth Homes, Inc. v. Woodridge Corp.,* 358 S.W.2d 288 (Mo.App.1962); *Mississippi Woodworking Co. v. Maher,* 273 S.W.2d 753 (Mo.App.1954); *Minnesota Home Rebuilding & Repair Co. v. Kraulik,* 243 Minn. 312, 67 N.W.2d 673 (1954); 57 C.J.S. *Mechanic's Liens* § 165, at 705 (1948) and cases cited therein.

It seems to me that the majority is taking a view *too* strict in distinguishing *Ringgenberg.* The trial court and the majority seem to be punishing the mechanic's lien claimant for putting too much information (surplusage) into its lien. It also seems to me that the majority is confusing validity with priority. This mechanic's lien is valid under *Ringgenberg* because it described the work and the price, but its priority remains inferior or subordinate to *all prior incumbrances.*