#25002-aff in pt, rev in pt-GAS

**2009 SD 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| DAKOTA CRAFT, INC., | Plaintiff and Appellee, |
| v. | |
| GARY SEVERSON d/b/a | |
| SEVERSON & SONS, | Defendant and Appellant, |
| and | |
| STATE BANK FINANCIAL, | |
| MAD DOG ENTERPRISES, INC., | |
| CROELL REDI-MIX, INC., | |
| WOLFF'S PLUMBING & HEATING, INC., | |
| J.H. LARSON COMPANY d/b/a J.H. | |
| LARSON ELECTRICAL COMPANY, | |
| A.A. HANSON ELECTRIC, INC., | Defendants and Appellees. |
| and | |
| JAMES L. JUNKER, DEBORAH G. | |
| JUNKER, WHITEWOOD INVESTORS, | |
| LLC., DAVID R. GRANT, ROCKINGTREE | |
| LANDSCAPE, INC., SACRISON PAVING, | |
| INC., JBS BACKHOE SERVICE, INC., | |
| DUST CONTROL CONTRACTORS, LEE | |
| GEIGER d/b/a GEIGER ARCHITECTURAL, | |
| BIERSCHBACH EQUIPMENT & SUPPLY, INC., | |
| CRESCENT ELECTRIC SUPPLY, | Defendants. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE RANDALL L. MACY
Judge

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 27, 2009

OPINION FILED **07/08/09**

John R. Frederickson of
Frederickson Law Offices, PC
Deadwood, South Dakota

Attorneys for appellant,
Gary Severson d/b/a Severson & Sons.

John K. Nooney of
Nooney, Solay & Van Norman, LLP
Rapid City, South Dakota

Attorneys for appellee,
Dakota Craft, Inc.

Candi Thomson
Keith R. Smit of
Morman Law Firm
Sturgis, South Dakota

Attorneys for appellee, State Bank
Financial.

Matthew J. Kinney of
Kinney & Dardis, LLP
Spearfish, South Dakota

Attorneys for appellee, Mad Dog
Enterprises, Inc.

Scott J. Odenbach of
Seward & Odenbach, PC
Spearfish, South Dakota

Attorneys for appellee, Croell
Redi-Mix, Inc.

Dylan A. Wilde of
Brady Pluimer, PC
Spearfish, South Dakota

Attorneys for appellee, JBS
Backhoe Service, Inc.

Eric J. Strawn of
Tellinghuisen and Gordon, PC
Spearfish, South Dakota

Attorneys for appellee, Wolff's
Plumbing & Heating, Inc.

John P. Mullen
Rodney W. Schlauger
Brian R. Schumacher of
Bangs, McCullen, Butler,
  Foye & Simmons, LLP
Sioux Falls, South Dakota

Attorneys for appellee, J.H.
Larson Co.

Steven M. Christensen of
Christensen Law Offices
Deadwood, South Dakota

Attorneys for appellee, AA
Hanson Electric, Inc.

SEVERSON, Justice.

[¶1.]    Gary Severson, d/b/a Severson and Sons, (collectively "Severson") appeals the circuit court's summary judgment ruling that his mechanic's lien was not sufficiently itemized, and therefore invalid.  We affirm in part and reverse in part.

## FACTS

[¶2.]    James and Debra Junker of Hudson, Wisconsin, formed Whitewood Investors, LLC (collectively "Whitewood Investors").  Whitewood Investors purchased property in Whitewood, South Dakota, with the intention of establishing a concert venue and saloon called Boneyard Saloon ("Saloon").  In April 2007, Whitewood Investors contracted with Severson to construct the Saloon.  Accordingly, Severson provided materials and labor for the project, and served as the general contractor.  After a storm destroyed one of the buildings under construction, Severson rebuilt it at the direction of Whitewood Investors, and ultimately finished construction of the Saloon in time for the 2007 Sturgis Motorcycle Rally, as required by the contract.

[¶3.]    Severson determined that Whitewood Investors owed him $512,287.44 for materials provided and services rendered between May 22, 2007 and July 31, 2007.  He prepared and filed a mechanic's lien for this amount, plus interest, with the Lawrence County Register of Deeds on August 3, 2007.  Twelve other materialmen, including Dakota Craft, Inc. ("Dakota Craft"), and two mortgagees filed mechanic's liens and mortgages against the Saloon.  Whitewood Investors made no effort to pay the amounts claimed on any of the mechanic's liens.

[¶4.]     Dakota Craft filed a complaint against numerous defendants seeking to foreclose its mechanic's lien against Whitewood Investors. Severson answered and filed a counterclaim and cross-claim. In response, Dakota Craft moved for summary judgment, arguing, in part, that Severson's lien was insufficient and invalid because it was not sufficiently itemized. The circuit court agreed, and entered an order invalidating Severson's lien.[1] Severson appeals.

## STANDARD OF REVIEW

[¶5.]     "In reviewing the circuit court's summary judgment, we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and established entitlement to judgment on the merits as a matter of law." Bertelsen v. Allstate Ins. Co., 2009 SD 21, ¶11, 764 NW2d 495, 498 (citation omitted). Furthermore, "[t]he evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the [circuit] court, affirmance of a summary judgment is proper." Pellegrino v. Loen, 2007 SD 129, ¶13, 743 NW2d 140, 143 (citations omitted).

[¶6.]     **Whether the circuit court erred as a matter of law in determining that Severson's lien was invalid pursuant to SDCL 44-9-16(7).**

---

1. On October 16, 2008, the circuit court granted Severson's cross-motion for summary judgment for breach of contract and quantum meruit.

[¶7.]     Severson contends that the circuit court erred by invalidating his lien upon concluding it failed to meet the itemization requirement of SDCL 44-9-16(7). Severson submits his lien is sufficient under the *Ringgenberg* exception, or alternatively, it meets the "ordinarily intelligent and careful person" standard set forth in our caselaw. Dakota Craft refutes these arguments.

[¶8.]     SDCL 44-9-16(7) requires that the lien statement filed by a party shall set forth "[a]n itemized statement of the account upon which the lien is claimed." "While this statutory language is construed liberally, the lien claimant must substantially comply with its requirements." W.J. Bachman Mech. Sheetmetal Co., Inc. v. Wal-Mart Real Estate Bus. Trust, et al., 2009 SD 25, ¶26, 764 NW2d 722, 731 (citing Crescent Elec. Supply Co. v. Nerison, 89 SD 203, 232 NW2d 76 (1975)). "Substantial compliance is required to protect others with an interest in the property from fraud and imposition." *Id.* (citing Ringgenberg v. Wilmsmeyer, 253 NW2d 197 (SD 1977)). "'Failure to sufficiently itemize the account renders the lien invalid.'" *Id.* (quoting R & L Supply, Ltd. v. Evangelical Lutheran Good Samaritan Soc'y, 462 NW2d 515, 519 (SD 1990)). The test is whether the itemization provided sufficient detail "to notify an ordinarily intelligent and careful person what work was actually accomplished on the property in question." H & R Plumbing & Heating, Inc. v. Fed. Deposit Ins. Corp., 406 NW2d 151, 153 (SD 1987).

[¶9.]     Our caselaw provides guidance. We recently concluded that a lien specifying work performed on certain dates, fees associated with the work, cost of material, and hours and cost of labor met the statutory requirement. *W.J. Bachman*, 2009 SD 25, ¶27, 764 NW2d at 732. Similarly, in *R & L Supply*, we

concluded that "a lien statement which list[s] the destination of the materials, quantity of each item, together with a description of the item and its price" constitutes sufficient itemization. 462 NW2d at 519; *see also* McLaughlin Elec. Supply v. Am. Empire Ins. Co., 269 NW2d 766, 770 (SD 1978) (holding same).

[¶10.]    Conversely, in *Crescent Electric Supply Co.*, 89 SD at 211, 232 NW2d at 81, we held that a statement which merely listed the dates, amounts, and folio numbers, with no reference to what type of material was supplied, how much material was involved, or for what purpose the goods were sold, was not an itemized account. Along the same lines, the following type of itemization has also been deemed insufficient: "Brick, mortar, sand and freight, $1252.06; Lumber-siding and flooring, plumbing, electrical, etc., $7784.23." Builders Supply Co., Inc. v. Carr, 276 NW2d 252, 255 (SD 1979). Similarly, the mechanic's lien at issue in *H & R Plumbing* was determined to be insufficient because it ultimately failed to include a description of "the type of work done and materials used by the subcontractor." 406 NW2d at 152.

[¶11.]    The Court created an exception to the itemization requirement in *Ringgenberg*, 253 NW2d 197. Ringgenberg commenced an action to foreclose his lien, and sought an order of the court to include all persons interested in the property in the action. Versa-Tech was an interested party as it had constructed and installed a decorative stone and rock façade on the property in question, and had filed a mechanic's lien.[2] An opposing party alleged this lien failed to comply

---

2.    The portion of the lien at issue provided:

(continued . . .)

with SDCL 44-9-16(7). In reversing the circuit court's decision to invalidate Versa-

Tech's lien, this Court stated:

> It is true that such statement [*see* footnote 2, *supra*] does not specifically itemize the number of rocks or amount of cement used to construct the rock façade. Neither does it detail the amount of labor performed and at what hourly wage. That does not dictate the invalidity of this particular statement, however. We should not decide substantial compliance in a vacuum. Care should be taken to consider the nature of the business involved. Versa-Tech contracts to do an entire job based on their examination of the premises. This includes manufacturing, transporting, designing, and applying the stone and rock façade. There is no separate agreement made as to either material or labor; Versa-Tech sells a result at a certain price. In such instances, it is not necessary, even if possible, to furnish further detail as to materials or labor. The information provided is sufficient to allow the owner to ascertain and verify the correctness of the lien.

*Id.* at 201. Therefore, because Versa-Tech contracted to do the entire rock façade

project, and there was no separate agreement for either material or labor, the

description set forth in the lien was sufficient. *Id.*

[¶12.] In the instant case, Severson attached five documents to his

mechanic's lien claim statement: two proposals, a customer account inquiry, and

two documents entitled "Additional Work Authorization." In support of the circuit

---

(. . . continued)

> . . . such amount is due and owing to the claimant for labor performed and material for the following improvements for which the same was done or supplied to wit: . . . all inside and outside stone work and design and constructing a man-made concrete-rock façade; inside and outside stone siding and work. On the building described above, inside work on south wall; outside work on the south and east fronts.

*Ringgenberg*, 253 NW2d at 200-01.

court's conclusion, Dakota Craft points out that some of the documents are proposals or authorizations to do work, and none of the documents are signed by Whitewood Investors. The fact that the attachments to the lien statement are titled as proposals and not signed by Whitewood Investors may not be recommended practice and could be factors in whether the description is sufficient. But those facts alone are not solely determinative of the lien statement's validity. The critical test is whether the lien statement is verified by the oath of some person shown to have knowledge of the facts and that the statement, with the incorporated attachments, provides an itemized statement of the account upon which the lien is claimed as required by SDCL 44-9-16(7).

[¶13.] The first attachment, a proposal, lists an amount of $84,275 and describes the work done as: "Apply PVC/TPO ultra guard roofing system to 180' x 36' building and [parapet] all adhesive fasteners and flashings as per print . . . all materials, labor, adhesives and taxes." The circuit court ruled this description was insufficient. We disagree, and hold that this description satisfies the *Ringgenberg* exception. It sets forth the cost and description of an entire project, and there was no separate agreement for either material or labor for the project. Further, this description lacked the characteristics of the lien at issue in *H & R Plumbing*, causing it to fall outside the *Ringgenberg* exception. 406 NW2d at 153 (holding that *Ringgenberg* did not apply because "H & R sold not only certain systems or certain results, but systems with specified types and amounts of materials." Furthermore, "H & R billed the hotel for a subcontract and for a percentage of profit," two factors not present in *Ringgenberg*.). Additionally, pursuant to this description, "an

ordinarily intelligent and careful person [would be put on notice] what work was actually accomplished on the property in question." *Id.* Therefore, the circuit court erred as a matter of law by invalidating this portion of the lien.

[¶14.]     Although the description in the second attachment, also a proposal, is similar to the first proposal as it specifies all labor and material expenses incurred on a variety of projects, it has one critical difference.  The second proposal states that the cost is "*not to exceed* $350,300."  This language is inherently ambiguous, and fails to provide notice to the other materialmen and mortgagees of the ultimate cost of the work provided pursuant to this document.  Therefore, we affirm the circuit court's invalidation of this portion of the lien.

[¶15.]     We arrive at the same result with regard to the third, fourth, and fifth attachments.  The third attachment, the customer account inquiry, lacks the requisite specificity.  This document merely lists the transaction dates, invoice numbers, and amount due for each invoice number.  The fifth attachment, an additional work authorization form, provides in pertinent part:  "Dakota Supply material:  $61,920.40 + 10% for coordinating material list and design of material not on print.  $68,112.44."  Both of these descriptions wholly fail to disclose the materials supplied, the amount of the materials supplied, or the purpose of the materials.  *See Crescent Elec. Supply Co.*, 89 SD at 211, 232 NW2d at 81. Accordingly, the "ordinarily intelligent and careful person" test is not satisfied.  *See H & R Plumbing*, 406 NW2d at 153.  Additionally, the descriptions fail to meet the *Ringgenberg* exception because they do not describe a certain result at a certain

price. 253 NW2d at 201. The circuit court did not err by invalidating these portions of the lien.

[¶16.] The fourth attachment, an additional work authorization form, provides the following description:

> Survey and locate decks, buildings, electrical and plumbing location redone after owner changed locations from original print. Redo after excavators and owners' laborers ran over stakes: $4,200.00
>
> Coordinate changes on blue prints with engineer and architect: $1,800.00
>
> Owner delivered wrong doors for bathrooms, creating excessive labor to trim out and redo openings: $3,600.00.

It is unclear whether these descriptions relate to entire jobs or projects to be completed, and whether Severson was contracting a certain result at a certain price or whether he was charging per hour. Therefore, these descriptions do not meet the *Ringgenberg* exception. Furthermore, in light of our precedent, the descriptions lack sufficient detail to meet the "ordinarily intelligent and careful person" test. *See H & R Plumbing*, 406 NW2d at 153. Therefore, summary judgment on this portion of the lien was similarly proper.

[¶17.] In conclusion, we reverse the circuit court as to the portion of the lien that satisfies the *Ringgenberg* exception, to wit: the first attachment totaling $84,275. We affirm the circuit court's invalidation of the descriptions set forth in the second, third, fourth, and fifth attachments.

[¶18.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.