## Matter of Your Vet 1, LLC v Eastman, Cooke & Assoc., LLC

2024 NY Slip Op 31044(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 157681/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                                          PART                          **56M**

*Justice*

-----------------------------------------------------------------------------X

In the Matter of

YOUR VET 1, LLC,

Petitioner,

- v -

EASTMAN, COOKE & ASSOCIATES, LLC,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157681/2023 |
| MOTION DATE | 11/08/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                          MECHANICS LIEN                          .

In this proceeding pursuant to Lien Law §§ 39 and 39, the petitioner, Your Vet 1, LLC, seeks to vacate and cancel a mechanic's lien.  The respondent, general contractor Eastman, Cooke & Associates, LLC, opposes the petition.  The petition is denied and the proceeding is dismissed.

On June 14, 2023, the respondent filed a notice of mechanic's lien in the face amount of $6,350.46 against real property designated as Block 1139, Lot 1, on the tax map of the Borough of Manhattan, City of New York, located at 171 Amsterdam Avenue, New York, New York.  In that notice, the respondent alleged that it had furnished materials to the petitioner, consisting of a lead-lined X-ray door and related hardware for the petitioner's veterinary office, that the respondent furnished that door on September 22, 2022, and that installation of the door was completed on November 18, 2022.  On July 13, 2023, the petitioner, in accordance with Lien Law § 38, served the respondent with a demand for a written, itemized statement "setting forth the items of labor or materials, or both, and the value thereof," that formed the basis for the lien. The demand recited that:

**157681/2023   YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**                          Page 1 of 4
**Motion No.  001**

[* 1]

"[t]he Itemized Statement so demanded shall also contain the terms of the alleged contract under which said items were performed or furnished, and set forth an itemization of any claims for extra work, delay damages, overhead and/or profit. The statement shall also provide a description of and the quantity and cost of the various kinds of material provided and details as to the number of hours and dates of labor time spent and the applicable rates of labor charges."

The demand letter also demanded that the "verified itemized statement must be provided by you within five (5) days of receipt of this Demand, or the undersigned will proceed according to Lien Law Section 38." The respondent and its attorney received the demand on July 17, 2023. When the respondent did not serve the petitioner with an itemized statement in response to the demand within that five-day period, the petitioner dispatched a letter to the respondent and its attorney, dated July 26, 2023, notifying them that it was commencing this proceeding to vacate the lien. The petitioner commenced this proceeding on August 1, 2023.

The respondent opposed the petition, arguing that, although it did not serve the itemized statement within the five days demanded in the July 13, 2023 demand letter, it ultimately served the itemized statement on August 21, 2023 and that, in any event, the instant petition to vacate the lien is premature because the petitioner failed to satisfy a condition precedent to the proceeding, which requires that it first seek and obtain an order compelling them to provide such an itemized statement.

Lien Law § 38 provides, in relevant part, that:

"[i]f the lienor shall fail to comply with such a demand [to provide an itemized statement to the owner or contractor] within five days after the same shall have been made by the owner or contractor, or if the lienor delivers an insufficient statement, the person aggrieved may petition the supreme court of this state or any justice thereof, . . . for an order directing the lienor within a time specified in the order to deliver to the petitioner the statement required by this section. Two days' notice in writing of such application shall be served upon the lienor . . .The court or a justice or judge thereof shall hear the parties and upon being satisfied that the lienor has failed, neglected or refused to comply with the requirements of this section shall have an appropriate order directing such compliance. *In case the lienor fails to comply with the order so made within the time specified, then upon five days' notice to the lienor, served in the manner provided by law for the personal service of a summons, the court or a justice . . . thereof may make an order cancelling the lien*

**157681/2023   YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**          **Page 2 of 4**
**Motion No.  001**

[* 2]

2 of 4

(emphasis added). "[A] petition to compel production of a[n] itemized statement is a prerequisite to a proceeding to cancel a mechanic's lien" (*Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392, 393 [1st Dept 2006]; *see Matter of Lawrence Arms, Inc.*, 37 Misc 2d 396, 397 [Sup Ct, Queens County 1962]). *Strongback* was an action in which a general contractor commenced an action to foreclose on its lien, and the owner counterclaimed to vacate the lien on the ground that the contractor willfully exaggerated the value of its lien (*see* Lien Law § 39). Although the Court recognized and recited this general rule, it concluded that, inasmuch as the owner was entitled to interpose that counterclaim in response to the foreclosure action, it was not obligated to satisfy the otherwise applicable prerequisite. The instant matter, however, was commenced as a special proceeding to vacate a lien and, hence, the exception to the prerequisite recognized in a foreclosure action is inapplicable.

The court notes that, in a related proceeding, the court (Edwards, J.), granted an almost identical petition submitted by the petitioner, in which it sought to vacate a $61,456.64 mechanic's lien filed by the respondent for labor that it had allegedly furnished in connection with the lead-lined x-ray door (*see Matter of Your Vet 1, LLC v Eastman, Cooke & Assocs, LLC,* 2023 NY Slip Op 34397[U], 2023 NY Misc LEXIS 23119 [Sup Ct, N.Y. County, Dec. 14, 2023]). In that case, the court vacated the mechanic's lien "without prejudice." Crucially, that court found that the same respondent "admitted that no labor was provided by Respondent at the project. Additionally, the dates on the lien and the dates in the supporting documents conflict with each other" (*id.*, 2023 NY Slip Op 34397[U], *4, 2023 NY Misc LEXIS 23119, *5). Thus, it accepted the petitioner's claim that the lien for labor had to have been willfully exaggerated. Conversely, the instant proceeding involves a lien for furnishing materials only, and the petitioner failed to establish that the $6,350.46 that the respondent charged it for the lead-line x-ray door itself was willfully exaggerated.

Moreover, as opposed to the related proceeding, the respondent's late response to the demand for an itemized statement set forth the terms of the relevant contract, and attached a

**157681/2023   YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**          Page 3 of 4
**Motion No.  001**

[* 3]

November 22, 2022 invoice that expressly indicated that the price of the "Door/Frames/Hardware" that had been purchased by the respondent from Accurate Door was $4,200.00, and that the respondent's charge for "General Conditions" in procuring the door, frames, and hardware was $1,629.45, which, when an agreed-upon 5% fee and a 3.75% insurance fee were added, came to $6,350.46. Even if this statement somehow were deemed to be insufficient because it "failed to include the terms of a contract or agreement supporting its claims that Petitioner consented to, approved, or authorized" (*id.*, 2023 NY Slip Op 34397[U], *4, 2023 NY Misc LEXIS 23119, *5-6), this court declines to follow the determination made in the related proceeding, as the petitioner failed to satisfy a condition precedent to the commencement of this proceeding, and none of the exceptions to the applicability of that prerequisite are present here.

Accordingly, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

_____3/29/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157681/2023   YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**
**Motion No.  001**

Page 4 of 4

[* 4]