#24490-a-RWS

**2007 SD 129**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

THOMAS PELLEGRINO,                                  Plaintiff and Appellant,

  v.

DOUG LOEN, SD STATE PENITENTIARY
STAFF ATTORNEY, AND DOUGLAS
WEBER, WARDEN, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES,      Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART L. TIEDE
Judge

* * * *

THOMAS PELLEGRINO
Sioux Falls, South Dakota                           Pro se appellant.

JAMES E. MOORE of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota                           Attorneys for appellees.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2007

OPINION FILED **12/12/07**

#24490

SABERS, Justice.

[¶1.] Thomas Pellegrino brought an action for a preliminary injunction, temporary restraining order and damages against Doug Loen, South Dakota State Penitentiary (SDSP) Staff Attorney, and Douglas Weber, Warden.[1] He alleged Loen and Weber violated his right of access to the courts by refusing his request for over 2,000 photocopies, ostensibly needed for a petition of certiorari to the United States Supreme Court to review the denial of his state habeas corpus petition. The circuit court granted summary judgment in favor of Loen and Weber. Pellegrino appeals and we affirm.

## FACTS

[¶2.] Pellegrino is an indigent inmate at the SDSP serving a life sentence for second degree murder. *See* State v. Pellegrino, 1998 SD 39, ¶7, 577 NW2d 590, 593. He has a history of filing numerous pleadings, motions and petitions in various courts. Since his incarceration in 1996, he has started twelve prisoner civil rights or habeas corpus lawsuits in the federal district court of South Dakota, has argued to the Eighth Circuit Court of Appeals twenty-three times and attempted to petition the United States Supreme Court for a writ of certiorari seven times. As a result of these multiple filings, the Eighth Circuit Court of Appeals determined that Pellegrino could no longer file *in forma pauperis* in the federal court unless he is in imminent danger of serious physical injury. *See* Pellegrino v. Janklow, 113 FedAppx 730, 731-32, (8thCir Nov 10, 2004) (unpublished); *see also* Pellegrino v.

---

1. Pellegrino concedes that the deadline to file his certiorari petition has passed; thus, the injunctive relief is moot and the only question is damages.

-1-

Young, Civ. 01-4056 (DSD Mar 13, 2001) (noting that Pellegrino is unable to file lawsuits in federal court without proving that he is in imminent danger of serious physical injury). Likewise, on January 10, 2005, the United States Supreme Court ordered its Clerk to reject "any further petitions in noncriminal matters from Pellegrino unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1." *See* Brief of Appellees at App 109. Therefore, Pellegrino would no longer be granted *in forma pauperis* status; he would have to pay the docketing fee of $300 to file a petition for certiorari.

[¶3.]          One of the many petitions Pellegrino filed was a petition for writ of habeas corpus in 1999. This petition was denied. In 2004, Pellegrino again filed for a writ of habeas corpus. Again, this was denied and this Court denied the petition for a certificate of probable cause. Undeterred, Pellegrino sent Justice Meierhenry a petition for writ of habeas corpus in April of 2005, which this Court denied. The subsequent petition for rehearing was denied as well. *See* Pellegrino v. Slykhuis, No. 23607 (June 27, 2005).

[¶4.]          Pellegrino filed a petition for certiorari with the United States Supreme Court from this Court's denial of his writ of habeas corpus. As a part of the preparation and completion of his petition, Pellegrino requested 2,619 free photocopies. This request was denied.[2] Loen explained that since the United

---

2.    In the appellee's brief, the defendants explain that Pellegrino may purchase and has in the past purchased photocopies and supplies for his legal projects. Pellegrino's account has a negative balance of $2,410.46. Despite this negative balance, the SDSP allows indigent prisoners to continue to overdraw their accounts an additional $10.00 per month in order to purchase photocopies for legal projects.

States Supreme Court has ordered Pellegrino to pay the docketing fee when filing a petition for certiorari in noncriminal matters, he would have to pay for the photocopies for his habeas petition as habeas is a civil proceeding.

[¶5.] He applied to Justice Clarence Thomas of the United States Supreme Court for an extension of time to file his petition for certiorari, which was granted. At the same time, Pellegrino filed a motion for *in forma pauperis* status for purpose of filing the motion for an extension, but this motion did not contain an application for *in forma pauperis* status for the certiorari petition. When the extension of time was granted, the order did not mention the *in forma pauperis* status.

[¶6.] Pellegrino then requested 991 free photocopies from the SDSP. He showed Loen a copy of the order granting him an extension of time to file the petition. After contacting the United States Supreme Court Clerk's office, Loen verified that the order merely granted an extension of time and Pellegrino was still subject to the January 10, 2005 order requiring him to pay the docketing fee in noncriminal cases. Pellegrino contends that this order granted him *in forma pauperis* status. However, Loen denied the request for free photocopies and Weber denied Pellegrino's administrative request regarding the photocopies, with the understanding he was subject to the January 10, 2005 order.

[¶7.] This lawsuit originated on November 2, 2005, when Pellegrino sued Loen and Weber for impeding his access to courts. He requested a preliminary injunction and temporary restraining order that required the defendants to provide him with free photocopies and legal research materials. He later amended his

complaint to request damages, alleging the denial of free photocopies prevented him from filing the petition for certiorari.

[¶8.] Pellegrino submitted his petition for certiorari on November 22, 2005. It was returned due to several problems. The United States Supreme Court gave him sixty days to fix the problems. On January 23, 2006, Pellegrino submitted the completed motion for *in forma pauperis* status and resubmitted his "skeletal" petition for certiorari. On February 2, 2006, the Supreme Court Clerk's office informed him that it would not accept the petition due to the January 10, 2005 order and he would have to pay the $300 filing fee and conform to the requirements in Rule 33.1 for submitting a petition for certiorari.

[¶9.] Instead of paying the $300 fee and conforming his petition to the Rule 33.1 requirements, Pellegrino petitioned Justice Thomas of the United States Supreme Court for *in forma pauperis* status and permission to file his certiorari petition past the deadline. He claimed the January 10, 2005 order did not apply because his habeas petition was a criminal matter. The Supreme Court Clerk's office rejected the motion.

[¶10.] On March 16, 2005, the circuit court denied the requested preliminary injunction and made findings of fact and conclusions of law. It found: 1) Pellegrino had no general right to free photocopies; 2) the United States Supreme Court order from January 10, 2005, denying *in forma pauperis* status, was still in effect; 3) the habeas petition for certiorari was a noncriminal matter; and 4) Pellegrino could not show an injury because his inability to pay the $300 docketing fee, not the denial of free photocopies, prevented him from filing the certiorari petition.

[¶11.]		A month later, Pellegrino sought a writ of mandamus from Justice Thomas. He requested an order that required the Supreme Court Clerk's office to accept his certiorari petition. The Supreme Court Clerk's office returned the petition for mandamus because of the January 10, 2005 order.

[¶12.]		The defendants motioned for summary judgment. On February 20, 2007, the circuit court held a hearing. The circuit court granted the defendants' motion for summary judgment on the basis that the United States Supreme Court refused to accept the petition due to its January 10, 2005 order; therefore, Pellegrino could not show he had been injured by the defendants. Pellegrino appeals and we restate the issue as:

> Whether Loen and Weber denied Pellegrino access to the courts by refusing to grant Pellegrino's request for over 2,000 free photocopies.

## STANDARD OF REVIEW

[¶13.]		Our standard of review on summary judgment is well settled:

> In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

Wojewski v. Rapid City Reg'l Hosp., Inc., 2007 SD 33, ¶12, 730 NW2d 626, 631 (quoting Read v. McKennan Hosp., 2000 SD 66, ¶8, 610 NW2d 782, 784 (quoting

Coffee Cup Fuel Stops & Convenience Stores, Inc., v. Donnelly, 1999 SD 46, ¶17, 592 NW2d 924, 926)).

[¶14.]     **Whether Loen and Weber denied Pellegrino access to the courts by refusing to grant Pellegrino's request for over 2,000 free photocopies.**

[¶15.]     The crux of Pellegrino's argument is that Loen and Weber denied his access to courts by refusing to grant his request for free photocopies in order to prepare and complete his petition for certiorari for habeas review to the United States Supreme Court. While Pellegrino advances several wild theories involving the defendants conspiring with an assistant Clerk of the United States Supreme Court to get his petition rejected, the facts construed in the light most favorable to Pellegrino demonstrate there are no genuine issues of material fact and the circuit court correctly granted summary judgment.

### *Habeas is a civil remedy*

[¶16.]     Pellegrino argues that his habeas petition is a criminal matter and therefore, he is not subject to the Supreme Court's January 10, 2005 order that denies him *in forma pauperis* status for noncriminal matters. Accordingly, if a matter is noncriminal, Pellegrino must pay the $300 filing fee and conform his petition to the requirements set forth in Rule 33.1.

[¶17.]     Contrary to his assertions, this Court and the United States Supreme Court have held that habeas is a civil proceeding. *See* Woodford v. Ngo, __ US __, ___, 126 SCt 2378, 2386 n2, 165 LEd2d 368 (2006) (quoting Fay v. Noia, 372 US 391, 423-24, 83 SCt 822, 9 LEd2d 837 (1963)); Jenner v. Dooley, 1999 SD 20, ¶13, 590 NW2d 463, 469; Sweeney v. Leapley, 487 NW2d 617, 618 (SD 1992); Ruetter v.

Meierhenry, 405 NW2d 627, 630 (SD 1987). Specifically, "[h]abeas corpus [is] an original . . . *civil remedy* for the enforcement of the right to personal liberty, *rather than* . . . a stage of the state criminal proceedings . . . or as an appeal therefrom." *Ngo*, ___ US at ___, 126 SCT at 2386 n2, 165 LEd2d 368 (emphasis added) (additional citation omitted).

[¶18.]     Therefore, Pellegrino's habeas petition is a noncriminal matter subject to the January 10, 2005 order. This is confirmed by the fact that the United States Supreme Court rejected his *in forma pauperis* application when he finally filed it and has repeatedly rejected his petitions when Pellegrino filed a subsequent motion and a writ of mandamus.

[¶19.]     Pellegrino alleges the rejection of his petition for certiorari was orchestrated by Loen and Weber and that they "telephonically serenade[d]" the assistant Clerk of the United States Supreme Court into rejecting the petition. Instead of bringing forth specific facts to defeat summary judgment, he alleges that the United States Supreme Court first granted his petition for *in forma pauperis* when it granted his extension of time to file his petition for certiorari.[3] However, this ignores the fact that the approval was only for an extension, not for *in forma pauperis* status. Indeed, the order granting the extension never mentioned the *in*

---

3.    While Pellegrino submitted a motion requesting *in forma pauperis* status when he submitted a motion for an extension, the defendants argue that Pellegrino clearly understood the distinction between his *in forma pauperis* status for the limited purpose of his extension and the separate *in forma pauperis* status for the purpose of filing his certiorari petition. We agree and this is demonstrated by Pellegrino filing a second motion requesting *in forma pauperis* status specifically for the certiorari petition.

*forma pauperis* request. But the *in forma pauperis* status was clearly denied when Pellegrino requested the status when he submitted his certiorari petition.

[¶20.] As for the assertion that Loen and Weber somehow "telephonically serenade[d]" the Supreme Court Clerk, Pellegrino advanced no specific facts, other than the rejection of his petition, to support this theory. Allegations and conspiracy theories not backed by specific facts will not defeat a summary judgment motion. *See* Sorrels v. Queen of Peace Hosp., 1999 SD 133, ¶19, 601 NW2d 606, 610 (Konenkamp, J., concurring in result) ("Faced with implausible assertions advanced to defeat summary judgment, trial judges ought not be forced to sift feathers. [The plaintiff's] claim is so insubstantial, so illogical, and so contrary . . . that he had the duty to come forward with some persuasive proof to support his assertion . . . ."); Baatz v. Arrow Bar, 452 NW2d 138, 140 (SD 1990) ("Mere allegations that are devoid of specific facts will not prevent the issuance of summary judgment." (quoting Western Cas. & Sur. Co. v. Gridley, 362 NW2d 100 (SD 1985))).

### Pellegrino cannot demonstrate an injury

[¶21.] We recently noted that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Gisi v. Gisi, 2007 SD 39, ¶24, 731 NW2d 223, 230 (quoting Bounds v. Smith, 430 US 817, 828, 97 SCt 1491, 1498, 52 LEd2d 72 (1977)). Nonetheless, in order to demonstrate he was denied his constitutional right of access to the courts, Pellegrino must demonstrate that the denial resulted in an actual injury. Lewis v. Casey, 518 US 343, 348, 116 SCt 2174,

2178, 135 LEd2d 606 (1996) (noting that "an inmate must show that the alleged inadequacies of a prison's library facilities or legal assistance program caused him 'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"); *see also Gisi*, 2007 SD 39, ¶¶25-26, 731 NW2d at 231.

[¶22.] Pellegrino alleges that his right of access was violated because he experienced "denials of access to legal work materials and legal photocopies." However, because the United States Supreme Court rejected his *in forma pauperis* status, Pellegrino is required to pay the $300 docketing fee and conform to the Supreme Court Rule 33.1 for filing petitions for certiorari. Pellegrino is indigent and unable to pay the $300 fee. Thus, it is his inability to pay the fee and the Supreme Court's rejection of his *in forma pauperis* status that caused the rejection of his certiorari petition. Indeed, even if Loen and Weber had granted his request for more than 2,000 free photocopies, the petition for certiorari would still be rejected.[4] Pellegrino has not demonstrated he suffered an injury by the actions of

---

4.    The defendants correctly point out that even with *in forma pauperis* status Pellegrino still has no right to unlimited free photocopies. *See* Jones v. Franzen, 697 F2d 801, 803 (7thCir 1983) (noting that as "broad as the constitutional concept of liberty is, it does not include the right to [X]erox" and the denial of photocopies must actually impede an inmate's access to the courts); Robbins v. South, 595 FSupp 785, 789 (DMont 1984) ("[A] prisoner's fundamental right of legal access does not require prison officials to furnish free photocopying services.").

#24490

Loen and Weber and he has not demonstrated the circuit court improperly granted summary judgment.[5]

[¶23.] Affirmed.

[¶24.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.

---

5. Pellegrino urges this Court to certify a question to the United States Supreme Court to determine whether his *in forma pauperis* status was supposed to be denied. However, his request for *in forma pauperis* status was repeatedly denied and we are satisfied the Supreme Court intended to deny *in forma pauperis* status in accordance with its January 10, 2005 order. More importantly, the rules do not provide for a certified question from our Court to the United States Supreme Court.