686 S.E.2d 191

Larry **HENDRICKS**, Appellant,

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**, Respondent.

No. 26744.

Supreme Court of South Carolina.

Submitted Sept. 17, 2009.

Decided Nov. 23, 2009.

626

Larry E. Hendricks, of Ridgeland, pro se Appellant.

Barton Jon Vincent, of Columbia, for Respondent.

Chief Justice TOAL.

This Court certified this case for review pursuant to Rule 204(b), SCACR to review the Administrative Law Court's (ALC) finding that Larry Hendricks (Appellant) was not entitled to relief. We affirm.

## FACTS/PROCEDURAL HISTORY

Appellant, an inmate at Ridgeland Correctional Institution, attempted to photocopy legal documents he created.[1] Appellant was informed that due to a change in policy he would not be allowed to photocopy his documents. Appellant filed a Grievance Form against the South Carolina Department of Corrections (SCDC) challenging the constitutionality of SCDC Policy GA–01.03, Inmate Access to the Courts.[2] SCDC Policy GA–01.03 states:

1) Inmates may not purchase photocopies of any materials contained in the law library regardless of his/her ability to pay.

2) Inmates may request photocopies of legal materials and documents to support a pleading. Legal materials that may be copied to support a pleading include:

Disciplinary reports/forms;

Institutional or State Classification Committee reports/forms and;

Letters, forms, reports, and other documents received from SCDC or other outside officials, that have answers or other information from personnel within SCDC that have to do with the subject of the pleading.

3) Materials and documents that will NOT be copied include:

Drawings, pictures, or photographs;

1. The Record does not state what type of documents Appellant wanted to copy, but Appellant did note they were for the United States Supreme Court.

2. SCDC Policy GA–01.03 went into effect January 4, 2005.

Documents that have been solely originated, generated, written, typed, or created by the inmate (the inmate may copy the information by hand);

Transcripts of school, college or vocational training;

Magazine or newspaper clippings (unless they specifically relate to the pleading); and

Personal correspondence that is not related to the pleading.

4) No copies of blank legal forms will be made.

SCDC Policy GA–01.03, Inmate Access to the Courts.

In his Grievance, Appellant contended that "[t]here is no reasonable penological reason for this policy, accept [sic] to hinder an inmate's access to the courts." Appellant argued that not being able to photocopy legal documents he generated unconstitutionally hindered his access to the courts. Appellant's Grievance was denied by the Institutional Grievance Coordinator and the Warden. Appellant then made an internal appeal, which was denied based on SCDC Policy GA–01.03.

■ Under the Administrative Procedures Act (APA), Appellant appealed SCDC's finding to the ALC. The ALC affirmed SCDC's decision.[3] Appellant appealed the ALC finding, and pursuant to Rule 204(b), SCACR, this Court certified the case from the court of appeals.

### STANDARD OF REVIEW

The APA establishes the standard of review and the court's authority in reviewing decisions of the ALC:

The review of the administrative law judge's order must be confined to the record. The reviewing tribunal may affirm the decision or remand the case for further proceedings; or it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:

---

**3.** "ALJs have no authority to pass upon the constitutionality of a statute or regulation." *Video Gaming Consultants, Inc. v. South Carolina Dept. of Revenue,* 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000). The ALC's Order affirming SCDC's finding did not state whether or not SCDC Policy GA–01.03 was constitutional. The ALC was correct to abstain from determining the constitutionality of SCDC Policy GA–01.03.

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–610(B) (Supp.2008).

## LAW/ANALYSIS

Appellant argues SCDC Policy GA–01.03 unconstitutionally hindered his meaningful access to the courts. We disagree.

In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the United States Supreme Court stated, "[O]ur decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds*, 430 U.S. at 824, 97 S.Ct. 1491. The Court in *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. 1491. In determining whether meaningful access has been denied the inquiry is "whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825, 97 S.Ct. 1491.

"The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351, 116 S.Ct. 2174. "Insofar as the right vindicated by *Bounds* is concerned . . . the inmate therefore must go one

step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."[4] *Id.; see also Pellegrino v. Loen,* 743 N.W.2d 140, 144–45 (S.D.2007) (finding no actual injury, thus no denial of meaningful access to the courts).

 In the present case, Appellant argues, "I have, almost twice, missed deadlines because of this and am fearful that with the amount of litigation needed in my criminal case, I may miss a deadline because of a policy that has not [sic] logical stated penological reason for its establishment." Nowhere in the Record does Appellant state he suffered an actual injury due to SCDC Policy GA–01.03. Appellant merely claims that he might be injured in the future by missing a deadline. This falls short of the actual injury requirement demanded by *Lewis.*[5] Because no actual injury has occurred, Appellant's meaningful access to the courts has not been unconstitutionally hindered.

### CONCLUSION

Because Appellant has not suffered an actual injury, we affirm the decision of the ALC.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

4. *Lewis* gave examples of what might be construed as an injury that denies meaningful access to the courts:

> [A prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis,* 518 U.S. at 351, 116 S.Ct. 2174.

5. In this case, there was no actual injury to Appellant due to SCDC Policy GA–01.03. However, we take this opportunity to caution SCDC that its policy not allowing inmates to make photocopies when he or she is willing and able to pay is not reasonable. *See Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir.1981) ("[W]hen numerous copies of often lengthy complaints or briefs are required, it is needlessly draconian to force an inmate to hand copy such materials when a photocopying machine is available and the inmate is able and willing to compensate the state for its use.").