THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Patrick L.
 Booker, Respondent,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Corrections, Appellant.
 
 
 
 
 

Appeal From Richland County
 Deborah Brooks Durden, Administrative Law
Judge

Unpublished Opinion No.  2011-UP-143  
 Submitted April 1, 2011  Filed April 11,
2011

REVERSED

 
 
 
 Michael Vincent Laubshire, of Columbia,
 for Appellant.
 Patrick L. Booker, pro se, for Respondent.
 
 
 

PER CURIAM: In
 this inmate grievance case, the South Carolina Department of Corrections (the
 Department) appeals an Administrative Law Court's (ALC) reversal of the
 Department's conviction of Patrick L. Booker for being "Out of Place,"
 offense 828 of the Department's policy manual.  The Department argues substantial
 evidence supported its finding that Booker was in library prison facilities
 without authorization even though a library schedule indicated Booker's unit
 was scheduled for access to the library at the time of the incident.  We agree.[1]
This court may reverse a
 decision of the ALC only if it is affected by an error of law or "clearly
 erroneous in view of the . . . substantial evidence on the whole
 record . . . ."  Hendricks v. S.C. Dep't of Corrs.,
 385 S.C. 625, 628-29, 686 S.E.2d 191, 193 (2009) (citing S.C. Code Ann. §
 1-23-610(B) (Supp. 2010)).  Under the Department's policy manual, an inmate
 commits offense 828, "Out of Place," if the inmate "without
 authority either fails to report to his/her appointed place of duty or
 assignment or any other place to which he/she was ordered; . . .
 is found to be in an unauthorized area; or does not have specific approval to
 be in an unauthorized area."
Here, the ALC held
 substantial evidence did not support the Department's finding Booker was in the
 prison library without authorization.  However, the record included an incident
 report indicating inmates were not allowed access to the library at the time of
 the incident because the library was scheduled to open late.  Accordingly,
 substantial evidence supported the Department's finding, and the ALC's holding
 was clearly erroneous in light of the substantial evidence in the record.   
REVERSED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.